## STEPHEN BOODY v. THE PEOPLE.

*Larceny—Horse stealing—Excessive sentence for crime.*

Larceny is not classified in Michigan as grand and petty, and as "grand larceny" is not a crime known to Michigan law, and the crime known by that name at the common law might fall within the jurisdiction of a justice of the peace, it would be doubtful how far a conviction under that name would sustain a sentence for the higher grade of larceny.

Act 102 of 1877, if valid at all, cannot be made to cover a case of horse stealing unless by the clearest averments, and will not support as an information for horse stealing an information that consists of the ordinary charge of larceny and includes other property besides the horse. ·

Comp. L. § 7998, authorizing an excessive sentence to be affirmed so far as lawful, does not apply where there is any other reason for reversing it.

A sentence pronounced under an apparently erroneous view, cannot be maintained by the Supreme Court on a different theory, as it would then become an original sentence by the appellate tribunal.

A sentence as for the crime of horse stealing, to six years' confinement in the State prison, on conviction under an information for "grand larceny" which included other property besides the horse, is not authorized by Michigan statutes.

Error to Eaton.   Submitted Jan. 22.   Decided Feb. 11.

INFORMATION for "grand larceny."   Respondent was convicted.

*John M. Corbin* for plaintiff in error.   Joinder of horse-stealing and simple larceny in one count is void unless horse-stealing is made larceny by law, *State v. Nutting* 16 Vt. 261; indictments for cattle-stealing cannot be maintained as for a common law larceny, *State v. Ripley* 2 Brev. 300; a sentence to longer imprisonment than is allowed by law must be reversed and the prisoner set at liberty, *Elliott v. People* 13 Mich. 365; *Crippen v. People* 8 Mich. 117; *O'Neil v. People* 15 Mich. 275.

Attorney General *Otto Kirchner* for the People.

CAMPBELL, J. Boody was informed against in the circuit court for the county of Eaton for stealing "one dark brown mare, seven years of age, of the value of seventy-five dollars, one single harness of the value of fifteen dollars, and one double-seated one-horse buggy of the value of thirty-five dollars." When arraigned he pleaded guilty. The information and plea were both entitled as in a case of "grand larceny." The judgment recites that the respondent on his plea of guilty was duly convicted of the crime of grand larceny, and so does the commitment warrant to State prison. Upon this conviction the judge sentenced him to six years in the State prison at Jackson. Error is brought on this judgment as not authorized by law.

There has never been in this State any crime known under the name of "grand larceny." The division of punishments under our statutes would probably include within the jurisdiction of a justice of the peace, and exclude from that of the circuit court, some cases which would have been grand larceny at common law, as being of more than the value of twelve pence. With us there has been no subdivision of simple larceny into divisions of grand and petty larceny, and the measure of jurisdiction over the smaller offenses has shifted from seven dollars up to one hundred, and is now fixed at twenty-five dollars. It is certainly open to some doubt how far such a conviction would maintain a sentence for the higher grade of larceny. But the defects in the record render this unimportant.

The information cannot be maintained as one for horse stealing, under the law of 1877 (Laws 1877, p. 80), entitled "An act to provide for the prevention and punishment of horse stealing," because the count under which respondent is charged is an ordinary charge of larceny, and includes other property as well as a mare. No case can be brought within this singular statute, which places

horse stealing above homicide in its minimum punishment, by anything less than the clearest averments. Its validity we shall not discuss.

The record does not show a compliance with the statute of 1875, requiring certain precautions to be taken before giving sentence on a plea of guilty. But it is impossible to suppose the circuit judge was ignorant of the statute fixing the maximum punishment for larceny. The only reasonable inference we can draw from the sentence is that the judge supposed he was obliged to sentence the respondent to the punishment for horse stealing, which is not less than three nor more than fifteen years in the State prison, unless he should see fit to punish for a first offense in the Ionia prison. This is the ground of error chiefly urged, and we think there is enough on the record to justify that inference.

We cannot therefore in dealing with this record, apply the provisions of § 7998 of the Compiled Laws (1 Sess. L. 1867, p. 223), to uphold this sentence up to the maximum of five years for larceny. That statute authorizes this court to uphold an excessive judgment for all within the excess, if there is no other reason for reversal. This statute does not apply where any other difficulty stands in the way. See *Wilson v. People* 24 Mich. 410.

The punishment for larceny may be by fine or imprisonment in the county jail, as well as by imprisonment in the State prison. Comp. L., § 7569. As already suggested, we cannot conceive that the circuit judge could have supposed he was acting under § 7569, because there is no possible room for mistaking its limitations, and it must have been familiar to him. We have no means of knowing that he would have sentenced the prisoner at all to State prison, if he had regarded the case as one of simple larceny. It is apparently not merely an excessive but a mistaken sentence, and if we should leave it standing as one for five years, we have no assurance that it would not be practically an original sentence of our own, based on a different theory of guilt from that

of the circuit judge. We are of opinion, therefore, independently of any question arising out of the anomalous form of the judgment, that the sentence must be regarded as wholly erroneous, and must be reversed entirely, and the prisoner discharged without day.

The other Justices concurred.