The People v. John Jones.

*Horse-stealing—Penalty.*

Whether an information for horse-stealing should not expressly refer to Act 102 of 1877 to justify the infliction of the special penalty authorized by that statute, *quære.* But the statute itself, as it imposes a heavier punishment for horse-stealing than the laws allow for manslaughter is an outrage on justice and ought to be repealed.

Error to Hillsdale. Submitted Nov. 1. Decided Jan. 10.

| | |
|---|---|
| 49 | 591 |
| 68 | 501 |
| 68 | 502 |
| 49 | 591 |
| 91 | 652 |
| 49 | 591 |
| 123 | 335 |
| 49 | 591 |
| f146 | 292 |
| j146 | 297 |

INFORMATION for larceny of horses. Respondent brings error. Affirmed in part.

Attorney General *Jacob J. Van Riper* for the People.

*Wm. B. Gildart* for respondent. When an information for horse-stealing does not purport to refer to the special statute thereon (Act No. 102 of 1877) it must be presumed filed under Comp. L. § 7569, for no case can be brought within the terms of this singular statute by anything less than the clearest averments; *Boody v. People* 43 Mich. 34; an information for a statutory offense must identify and distinguish it from every other: *Hall v. People* 43 Mich. 417; *Enders v. People* 20 Mich. 233; Const. art. v. § 28; *Byrnes v. People* 37 Mich. 515; *People v. Olmstead* 30 Mich. 431; *Koster v. People* 8 Mich. 431; *People v. Allen* 5 Denio 76; the phrase, "contrary to the form of the statute in such cases made and provided" does not distinguish Act 102 of 1877 from Comp. L. § 7569 as amended; and as the information is silent as to which Act was intended, § 7569, being declaratory of the common law, must be presumed to be the statute under which it was filed: *Chapman v. People* 39 Mich. 359: a sentence pronounced under an apparently erroneous view cannot be maintained on a different theory for it would then become an original sentence of the appellate tribunal, and Comp. L. § 7998, authorizing an excessive sentence to be affirmed so far as lawful does not apply where there is any other reason than the excess of the judgment, for reversing it: *Elliott v. People* 13 Mich. 365; *O'Neil v. People* 15 Mich. 275; *Wilson v. People* 24 Mich. 410; where punishment is excessive, cruel and unusual it should be reversed and the defendant discharged: Const. art. vi. § 31; Comp. L. § 7569.

MARSTON, J. The respondent pleaded guilty to an information charging him with " one pair of horses of the value of three hundred dollars of the goods and chattels

and property of one Abner Cornell, then and there being found, feloniously did steal, take and drive away, against the form of the statute in such case made and provided," and was thereupon sentenced to imprisonment in the State Prison at Jackson at hard labor for the period of seven years.

The general statute provides that "every person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods, or chattels, etc.,   *   *   * if the property stolen exceed the value of twenty-five dollars, shall be punished by imprisonment in the State prison not more than five years, or by fine not exceeding five hundred dollars and imprisonment in the county jail not more than one year." 2 Comp. L. § 7569.

In 1877 an act was passed by the Legislature "to provide for the prevention and punishment of horse-stealing," which provides that every person who shall steal any horse * * * "shall, upon conviction thereof, be punished by imprisonment in the State prison not less than three years nor more than fifteen years." And in cases of first offense the conviction might be to the State House of Correction for a term not exceeding two years. Laws 1877, p. 80. The sentence in this case was under this statute.

The information in this case is in the exact form and language it would have been prior to the passage of this Act of 1877, and there is nothing in it that would in any way direct special attention to this act. Every information must set forth, in at least general language, a description or designation of the property stolen. Admitting the larceny of the horses, it was necessary, before the passage of this Act of 1877, to have charged in the information the stealing and taking of one span of horses, so that this information does not, by any new charge, averment or reference, in any way direct attention to the special act or punishment therein provided. The general reference that the act committed " was against the form of the statute in such case made and provided," while unnecessary, is so commonly used in all informations that it cannot be held sufficient to bring the

offense charged within a special act providing more severe punishment.

Whenever a person charged with the commission of a criminal offense pleads guilty thereto, or has been convicted by a jury, all doubts arising thereafter as to the exact offense charged in the information, must be decided in favor of the accused ; otherwise he might be punished for an offense not charged, and which he did not by his plea of guilty, intend to admit that he had committed. In other words it must appear that the plea of guilty, taken with the information, leaves no reasonable doubt as to the particular offense charged or the punishment provided therefor, as the court cannot by construction or intendment enlarge either the one or the other.

As already said the description of the property stolen as contained in the information, does not challenge special attention to this Act of 1877, nor is there any express reference to this act " to show the source of right relied on." In civil cases, and especially in cases to recover penalties and forfeitures, the section and chapter of the statute must be referred to, and much stronger reasons exist for requiring the same particularity and certainty in criminal cases. *Benalleck v. People* 31 Mich. 200 ; *Howser v. Melcher* 40 Mich. 186.

In *Boody v. People* 43 Mich. 34, it was said that the clearest averments were necessary to bring a case within this statute of 1877. This statute is peculiar, and provides for the heavier punishment for a person convicted of the larceny of a horse of any value, than is provided upon a conviction for manslaughter. The wisdom of such a distinction is to say the least very questionable.

As a larceny was charged and the respondent convicted, the court could have sentenced him for a period not exceeding five years, and under the statute all over this period must be considered as excessive.

To this extent the judgment will be affirmed.

CAMPBELL, J. concurred.

Cooley, J. In this case we find ourselves equally divided on the question whether the judgment is sufficient under the statute of 1877 and the decision in *Boody v. People* 43 Mich. 34. My own opinion is, that it is. I am not willing, however, that a party on a criminal charge should be punished to an extent that one-half the Court believe is inadmissible under the law; and I do not think it should be suffered in any case. I therefore in this case, while not assenting to the views expressed by Mr. Justice Marston, which I fear may prove mischievous in other cases, assent to the judgment he proposes to enter. I think, however, that the Act of 1877 should be repealed. It is a very harsh law, and if informations under it must specially refer to it, we shall have a great many erroneous convictions. As to the repeal of the law my brethren all concur.

Graves, C. J. I concur in the view expressed by Mr. Justice Cooley.