## The People v. Alfred Town.

*Horse stealing—Statutory penalty—Plea of guilty.*

1. A plea of guilty to a charge of the larceny of several articles as one act and for a use to which all were to be put, is an admission of the larceny of all of them.

2. A conviction for horse-stealing will not warrant the special statutory penalty for that offense if the information does not refer to the statute imposing it ; and if inflicted the judgment must be reversed as to the excess.

Error to Lenawee. (Howell, J.) April 18.—April 23.

LARCENY. Respondent brings error. Affirmed.

*J. W. Helme, Jr.,* and *Watts & Smith* for appellant.

Attorney General *Jacob J. Van Riper* and Prosecuting-Attorney *Lester H. Salsbury* for the People.

COOLEY, C. J. The respondent was charged before a magistrate with the larceny of a horse, harness, cutter, buffalo robe, two blankets and a whip. Witnesses were examined in support of the charge, whose evidence showed that he had obtained the horse and other articles of a livery dealer, all at one time, and for the purposes of a trip to Palmyra,

but, as the other facts tended to show, with a purpose at the time of obtaining them feloniously to appropriate them to his own use, and that he went off with them into the state of Ohio. A warrant was issued, upon which he was arrested, and on being brought before the magistrate, he waived examination, and was held for trial. An information was filed against him, which, in setting out the offense, followed the complaint before the magistrate. The respondent pleaded guilty to the information, and the court sentenced him to imprisonment in the State prison for eight years. The respondent brings error.

It is claimed that the sentence is illegal, because the court has undertaken to sentence for horse-stealing under the statute which imposes a heavier punishment for that species of larceny; while the charge was of the stealing of several different things, and a general conviction is not a finding that all of them were stolen. *Boody v. People* 43 Mich. 34. We think, however, that when the accusation is of the larceny of several articles, as one act, and for a use to which all were to be and were put, a plea of guilty may be taken as an admission of the larceny of all, and the judgment be supported.

The sentence, however, though not wholly illegal, was excessive. The information made no reference to the statute under which horse-stealing is punished as a distinctive larceny: How. Stat. § 9180; and the case should therefore have been disposed of as one of simple larceny. *People v. Jones* 49 Mich. 591. The maximum punishment for that offense is five years. How. Stat. § 9140.

The judgment will be reversed as to the excess, and affirmed as to the remainder. How. Stat. § 9614.

The other Justices concurred.