## The People v. Henry Seller.

### Horse-stealing.

1. The punishment provided for horse-stealing by How. Stat. § 9180 can only be imposed when the information or indictment is expressly based on the statute; and where that is not the case the excess beyond the ordinary penalty for larceny will be remitted on review by reversing the judgment to that extent.

2. Whether the theft of other property besides a horse can be included in an information based on the special statute imposing an excessive penalty for that offense—Q.

Error to Ottawa. (Arnold, J.) Oct. 22.—Oct. 28.

Information for horse-stealing. Respondent brings error. Reversed as to excess.

Attorney General *Taggart* confessed error.

*Watts & Smith* for respondent.

CAMPBELL, J. Respondent, under an ordinary charge of larceny, of a horse, buggy and harness of the value of $175,

pleaded guilty, and was sentenced to imprisonment in the State prison for eight years. Error is brought because of excessive sentence.

As the law now stands a sentence which is merely bad for excess may be reversed for the excess, and left to stand for so much as could lawfully be imposed. It is probable that the sentence was intended to be given under the Act of 1877 (How. Stat. § 9180) relating to horse-stealing. It was held in *Boody v. People* 43 Mich. 34, and *People v. Jones* 49 Mich. 591, that the excessive punishment imposed by that statute could only be given when the information or indictment was based upon it. That was not the case here, and other articles were included in the charge. The Attorney General confesses error as to all of the sentence beyond five years, and

The judgment must be reversed to that extent.

The other Justices concurred.