## The People v. Isaac Ellsworth.

*Criminal law—Conviction as for third offense—Information—Plea of guilty—Larceny—Sentence.*

1. The words "conviction" and "sentence" are not synonymous.

2. Under an information for larceny which alleges *two* prior *convictions* of the respondent for the same offense, but only *one sentence*, he cannot be sentenced as for a *third* offense under How. Stat. § 9425, nor can such sentence be held good for the excess over five years, under How. Stat. § 9141 or 9424, but will be affirmed for *five* years.

3. All doubts must be solved in favor of the accused, and it must appear from the record what *exact* offense was intended to be punished, and there should be no reasonable doubt for what crime the respondent is sentenced. *People v. Jones,* 49 Mich. 594.

4. Where it appears from the record that a respondent was assigned counsel of his own choice, with whom he consulted before entering a plea of guilty, and that the circuit judge had a private examination of the accused before sentence, it must be presumed that he was satisfied in such interview that the plea was "made freely, with full knowledge of the nature of the accusation, and without undue influence."

Error to Genesee. (Joslin, J., presiding.) Argued January 27, 1888. Decided February 2, 1888.

Respondent was convicted of larceny, as for a *third* offense, and sentenced to State prison for ten years. Sentence vacated for the excess, and affirmed for five years. The facts are stated in the opinion.

*Blair, Wilson & Blair,* for respondent.

*Moses Taggart,* Attorney General, and *E. S. Lee,* prosecuting attorney, for the People.

Morse, J. On the sixteenth day of November, 1885, in

the circuit court for the county of Genesee, the respondent pleaded guilty to the following information, signed by the prosecuting attorney, and duly verified:

"Edward S. Lee, prosecuting attorney in and for the county of Genesee aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the November term thereof, in the year one thousand eight hundred and eighty-five, and gives the court here to understand and be informed that Isaac Ellsworth, late of the village of Fenton, in said county, on, to wit, the fourteenth day of October, A. D. 1885, at the village of Fenton, Genesee county, two five-year old sorrel gelding horses, one top buggy, and one set double harness, in all of the value of four hundred dollars, of the goods and chattels of one Dexter Horton, in the possession of him, the said Dexter Horton, then and there being found, did feloniously steal, take, and carry away.

"And that said Isaac Ellsworth, heretofore, to wit, on the twelfth day of October, A. D. 1875, was duly convicted upon information, in the circuit court for Genesee county, of the crime of larceny of the goods and chattels of one John Getchell, committed August 24, 1875, at the township of Vienna, in said county; and was also, on said twelfth day of October, 1875, duly convicted upon another information, in the said circuit court, of the crime of larceny of the goods and chattels of one Ira Bebee, committed September 8, 1875, at the city of Flint, in said county, and that the said Isaac Ellsworth was duly, on said *last* conviction, sentenced to be imprisoned in the State prison at Jackson, at hard labor, for a period of five years,—against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

On the same day he was sentenced; the record of his sentence reading as follows:

"In this cause, Isaac Ellsworth, the respondent, having been, by his plea of guilty, duly convicted of the crime of larceny, on the fourteenth day of October, A. D. 1885, at the village of Fenton, Genesee county, did feloniously steal, take, and carry away two five-year old sorrel gelding horses, one top buggy, and one set double harness, in all of the value of four hundred dollars, of the goods and chattels of one Dexter·

68 Mich.—32.

Horton, the larceny of the same being charged in the information as a third offense.

"And it appearing to the court from the records thereof, as well as from said information and admission of said defendant, that said defendant, Isaac Ellsworth, heretofore, to wit, on the twelfth day of October, A. D. 1875, was duly convicted on information, in the circuit court for Genesee county, of the crime of larceny of the goods and chattels of one John Getchell, committed August 24, 1875, at the township of Vienna, in said county; and was also, on said twelfth day of October, 1875, duly convicted upon another information, in the said circuit court, of the crime of larceny of goods and chattels of one Ira Bebee, committed Sept. 8, 1875, at the city of Flint, in said county, the said Isaac Ellsworth having been on said conviction duly sentenced to be imprisoned in the State prison at Jackson, at hard labor, for a term of five years, as appears by the record thereof.

"And [the said respondent] having been, on motion of the prosecuting attorney of the county, duly arraigned at the bar in open court for sentence, and having there been asked by the court whether he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary; and it appearing to the court, from a private examination of the respondent by the court, that said respondent is of the age of thirty-two years.

"Therefore, it is ordered and adjudged by said court, now here, that the said Isaac Ellsworth be confined at hard labor in the State prison at Jackson, in this State, for the period of ten years from and including this day."

Two objections are urged against the validity of this sentence:

1. It is claimed that the information did not warrant any sentence over and above the maximum number of years prescribed for larceny, to wit, five years; and that the excess must be remitted.

2. The record does not show such a private examination upon a plea of guilty, before sentence, as the statute requires, and therefore the respondent must be discharged from any further confinement.

It is argued by respondent's counsel that it must be considered, taking the information and record of sentence together, that the respondent was informed against and sen-

tenced as for a third offense, under section 9425, How. Stat., which reads as follows:

" When any such convict shall have been twice before sentenced to imprisonment at hard labor for a period of not less. than one year at each time, by any court in this State, or in any other of the United States, he shall be sentenced to imprisonment at hard labor for life, or for a term of not less than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

And that such sentence cannot be sustained under that section, as the information avers only one sentence before the last conviction. It alleges two convictions, but the word *" conviction,"* has been held not synonymous with the word *" sentence,"* citing *Com. v. Lockwood,* 109 Mass. 323, and *Quintard v. Knoedler,* 53 Conn. 485 ( 2 Atl. Rep. 752). We have no doubt that respondent's counsel is correct in the claim that his client could not be sentenced as for a third offense under the information as filed.

The counsel further claims that there is no other statute under which this sentence can be held good as to the excess over five years. In his argument he refers to section 9424, How. Stat., which provides as follows:

" When any person shall be convicted of any offense, and shall be duly sentenced therefor to confinement in the State prison of this State for one year or more, and it shall be alleged in the indictment on which such conviction is had, and admitted or proved on the trial, that the convict has before been sentenced to a like punishment by any court in this State, or in any other of the United States, for a period not less than one year, he shall be sentenced to be punished by imprisonment in the State prison not more than seven years, in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

He admits that, if the averment of the conviction of the larceny from Getchell could be left out of the information, the proceedings might be sustained under this section. But he claims that the information must be construed as it stands,

and that the recital in the record of sentence that the larceny from Horton was charged in the information as a third offense, fixes the character of the charge, and the section under which the sentence was imposed by Judge Joslin, beyond cavil or dispute; that such recital renders it clear and plain that the respondent was sentenced under section 9425.

The counsel for the respondent further shows beyond question, we think, that there is no statute under which such sentence could be imposed other than those already referred to, save and excepting section 9141, How. Stat.   This statute is as follows:

"Every person who shall have been convicted, upon indictment, either of the crime of larceny, or of being accessory to the crime of larceny before the fact, and shall afterwards commit the crime of larceny, or be accessory thereto before the fact, and be convicted thereof upon indictment, and every person who shall be convicted at the same term of court, either as principal or as accessory before the fact, in three distinct larcenies, shall be deemed a common and notorious thief, and shall be punished by imprisonment in the State prison not more than fifteen years."

In relation to this statute the counsel truly says that the sentence cannot stand under the second clause, as the three convictions are not shown in the information to have been at the same term of court.   And, under the first clause, he submits, as he does in reference to section 9424, that the information does not allege the offense named therein, unless one of the convictions therein averred be treated as surplusage, and asks:

"Now, if we say there is surplusage, where shall we find it,—in the statement of the bare conviction, or in the statement of the conviction followed by sentence to the State prison?   Shall we reject the least important or the most important?"

If we reject the least important,—the bare conviction,— then he admits the proceedings may be sustained under section 9424, if such surplusage can be rejected.   But he insists

that the record throughout shows conclusively that the judgment of the court was based upon a third offense, and that this Court has no power to strike out, as it were, the statement of the larceny from Getchell in the information, and hold a sentence good under such amended information, when the court imposed the sentence upon the theory that the information was for a third and other offense.

There is much force in this argument. The limit of the penalty is not the same under sections 9424 and 9425, the latter exceeding the former, and it would naturally seem that a court would be likely to impose a greater term of years in the sentence for a third offense under section 9425 than for a second offense under section 9424. If so, in the present case, then it is not possible for this Court to say how many years of the excess were added more than there would have been if the penalty had been imposed as for a second conviction. If it may have been that the court, in this case, imposed a heavier sentence than he would if he had understood that the respondent was informed against under section 9424,—and we are unable to say whether he did or not, or, if he did, how many years were added because of such understanding,—then none of the excess over five years ought, as a matter of common right and justice, to stand against the accused. All doubts must be solved in favor of the accused. It must appear from the record what exact offense was intended to be punished, and there should be no reasonable doubt for what crime the respondent is sentenced. *People v. Jones*, 49 Mich. 694 (14 N. W. Rep. 573).

The Attorney General and the prosecuting attorney for the county of Genesee, who appear for the people, undertake to claim that this sentence can be maintained by treating the information as one filed under section 9141. But this cannot be done without rejecting a portion of the information, —one of the convictions,—and treating it, as before said, as amended.

It is manifest that this information was filed with the intent of charging an offense under section 9425, and was so understood by the court; and the sentence was imposed as for a third offense. Therefore it cannot now be used to support a conviction or sentence as of a second offense. The sentence cannot be sustained under section 9141.

If the circuit judge had not imposed this sentence as for a third offense, we think it could have been sustained under section 9424, under the authorities cited, and the opinion in the case of the *People v. Calvin,* 60 Mich. 113 (26 N. W. Rep. 851). But, for the reasons already stated, it cannot, in right and justice, be allowed to stand beyond the term of five years. The information fails to charge a conviction under section 9425, because only one sentence is averred. The sentence is good only for larceny. *People v. Jones,* 49 Mich. 591 (14 N. W. Rep. 573); *People v. Town,* 53 Id. 488 (19 N. W. Rep. 158); How. Stat. §§ 9140, 9614.

As to the second objection to the sentence, we think the presumption from the record is that the circuit judge performed his duty under the statute. The record shows that the respondent was assigned able counsel of his own choice, and had consultation with him before entering his plea of guilty. It also shows that the circuit judge had a private examination of the accused before sentence, and it must be inferred that he was satisfied in that interview that the plea was—

"Made freely, with full knowledge of the nature of the accusation, and without undue influence."

The sentence will therefore be vacated for the excess, and affirmed for the term of five years.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.