PEOPLE OF THE TERRITORY OF UTAH, RESPOND-
ENT, v. SAMUEL REGGEL, APPELLANT.

CRIMINAL LAW.—EXCESSIVE FINE.—MODIFICATION ON APPEAL.—
Where the court upon a conviction of a misdemeanor im-
posed a fine of three hundred dollars and costs and the stat-
ute prescribed for the offense a fine in any sum less than
three hundred dollars, the appellate court may modify the
sentence, and such sentence is therefore not void.

ID.—ID.—COSTS.—In all cases where the courts are authorized to
assess a fine upon conviction, they are authorized to impose
costs in addition to the fine.

STATUTORY CONSTRUCTION.—IMPLIED REPEAL.—SUBSEQUENT STAT-
UTE.—Semble that where the statute of 1878 punished an of-
fense by not exceeding six months imprisonment or by a fine
less than three hundred dollars or both and in the compiled
laws of 1888, the section was made to read "not exceeding
six months' imprisonment or by a fine in any sum not less
than three hundred dollars," which was palpably a mistake,
and in 1890, it was enacted that the approval of the com-
piled laws of 1888 by the legislature shall not be held to be a
repeal of any of the original acts, and wherever there is a
difference the original acts shall control; held that the statute
of 1878 was continued in force and not repealed.

CRIMINAL LAW.—GAMING.—WITNESS AGAINST HIMSELF.—Where
the appellant instituted a prosecution for robbery against one
S., and appeared before the grand jury and testified concern-
ing that offense and during the course of his testimony vol-
untarily gave evidence concerning his own gambling, without
claiming his privilege and without objection, and subse-
quently upon his own evidence taken in connection with
other testimony before the grand jury was indicted; held,
under section 4545 providing that "no person is disqualified
for testifying as a witness concerning the offense of gaming
on the ground that such testimony may criminate himself,
but no prosecution may afterwards be had against him for

the offense concerning which he testified," that the appellant was not exempt from prosecution for such offense.

EVIDENCE.—CRIMINAL LAW.—ADMISSION BEFORE GRAND JURY.— The foreman of the grand jury is a competent witness concerning an admission made by the appellant before the grand jury concerning an offense of gaming committed by himself, but given while testifying upon a prosecution instituted by himself against one S., for robbery.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts, except the following:

Section 5253 of compiled laws, 1888, applies only to corporations, but section 5258 (for which 5253 is probably a mistake and hence in this report the change is made) provides as follows: "In all cases of criminal prosecution * * * * all persons found guilty of crime upon trial shall pay the costs except where the party is insolvent, in which case the county court may authorize the payment of said costs, out of county treasury."·

In this case there was no testimony to show that appellant was insolvent. There is another section, however, 5259, 2 Comp. Laws, 1888, passed on the same day as the last section, February 19, 1869, which provides: "In all cases where, by law, the courts are authorized to assess a fine for any public offense and on due trial a fine shall be assessed, the court is hereby authorized to order the person convicted to be imprisoned until such fine *and costs* are paid or secured to be paid," etc.

There are other sections of the statute applying to testimony given before the grand jury, which are as follows: Section 4291, 2 Comp. Laws, 1888: "Every member of the grand jury must keep secret whatever he himself or any other grand juror may have said, or in what manner he or any other grand juror may have voted on a matter before them; but may, however, be required by any court to disclose the testimony of a witness examined before the

grand jury for the purpose of ascertaining, whether it is consistent with that given by the witness before the court, or to disclose the testimony given before them by any person upon a charge against such person for perjury in giving his testimony or upon trial therefor."

Section 4446, 2 Comp. Laws, 1888: "Every grand juror, who, except when required by a court, wilfully discloses any evidence adduced before the grand jury * * * * * is guilty of a misdemeanor."

And see *United States* v. *Kirkwood,* 5 Utah, 123.

*Mr. Arthur Brown,* for the appellant.

*Mr. Charles S. Varian,* U. S. Attorney, for the respondent.

MINER, J.:

An indictment was found against the appellant in this case, under section 4541, Comp. Laws 1888, charging him with the offense of gambling. A verdict of guilty was found by the jury, and the court imposed a fine of $300, and costs of suit, taxed at $68. The appellant alleges that the imposition of this fine and costs was excessive and contrary to law, and therefore void. The statute (section . 4541) makes the offense of gaming a misdemeanor. Section 4382, Comp. Laws 1888, as it reads in this compilation, fixes the punishment for this offense at "not exceeding six months' imprisonment, or by a fine in any sum not less than three hundred dollars, or by both." There is clearly a mistake in the compilation of these laws of 1888, in this respect, as well as in many other respects, and courts have come to look with uncertainty upon the authenticity of many provisions included within it. By reference to section 1847, p. 568, Comp. Laws 1876, it will be seen that the punishment for mis-

demeanor, where no other provision is prescribed, is by imprisonment in the county jail not exceeding six months, or by a fine not exceeding $300, or by both. This section was amended in 1878 (see chapter 4, p. 5, Laws 1878), so that the imprisonment may be in the county jail not exceeding six months, or by a fine in any sum less than $300, or by both. In order to remedy and correct the many errors occurring in the compilation of 1888, the legislature of this Territory passed an act, to be found on page 137, Sess. Laws 1890, which provides, among other things, "that this approval [of Compiled Laws of 1888] shall not be held or construed to be a repeal of any of the original acts or laws included in these Compiled Laws, but such original laws and acts shall control wherever there is a difference between said acts or laws and said Compiled Laws;" so that chapter 4, p. 5, Laws 1878, so far as it refers to the punishment for misdemeanor, should be construed as continuing in force, and as not affected or repealed by section 4382, Comp. Laws 1888.

The punishment imposed by the court of $300 fine was in excess of the punishment by fine allowed by law, and, being excessive, avoids the judgment, unless the court has power to modify it under section 5154, Comp. Laws 1888, which reads as follows: "The court may reverse, affirm, or modify the judgment or order appealed from, and may set aside, affirm or modify any or all proceedings subsequent to or dependent upon such judgment or order and may, if proper, order a new trial." So, also, by section 5152: "After hearing an appeal, the court must give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties." Under a statute in Michigan somewhat similar, the court holds that an excessive fine or imprisonment only avoids the judgment to the extent of the excess of the judgment imposed. *People* v. *Town,* 53

Mich. 488, 19 N. W. Rep. 158; *People* v. *Seller,* 58 Mich.
327, 25 N. W. Rep. 304; *Brown* v. *People,* 39 Mich. 57;
*People* v *Parkhurst,* 50 Mich. 389, 15 N. W. 522.   See
also, *People* v. *Brotherton,* 47 Cal. 388, 404; *People* v.
*Sprague,* 53 Cal. 491; *People* v. *Turley,* 50 Cal. 469;
*Reynolds* v. *U. S.,* 98 U. S. 168, note; *Ex parte Lange,*
18 Wall. 163; *Basset* v. *U. S.,* 9 Wall 38; Comp. Laws
1888, §§ 5113, 5259, 5260.   In this last case the judgment
was ordered amended by the Supreme Court of the United
States.   We think this court has the power and should
modify the judgment and sentence so that the fine im-
posed should be the sum of $299 instead of $300.   *Rey-
nolds* v. *U. S.,* 98 U. S. 168, note.   Under section 5253,
Comp. Laws 1888, the court has authority to impose
costs in addition to the fine.   This has long been the
practice in this Territory, and the judgment would not
be excessive for that reason.

The record also disclosed the fact that one F. M.
Bishop, foreman of the grand jury which indicted the
defendant, was called as a witness for the prosecution on
the trial of the defendant.   It appears from his testimony
that the defendant had instituted proceedings on his own
complaint against one John Scott, charging him with the
offense of robbery, as having been committed upon the
person of the defendant, October 2, 1890; and that,
while a hearing upon this complaint was being had before
the grand jury, the defendant was called as a witness,
and voluntarily gave testimony concerning such robbery,
and also testified that at the time of its alleged occurrence
he was running a gambling house and faro game.   Those
statements were called out by the district attorney, the
appellant making no objection thereto, and at no time
claiming his privilege.   No indictment was found against
Scott on the charge of robbery, but after this, and after
hearing the testimony of other witnesses, the defendant,
Reggel, was indicted for gaming.   This testimony was

admitted under objection as to the competency of Bishop
to disclose what took place before the grand jury.

The defendant requested the court to charge the jury
as follows, which was refused, to which an exception was
taken: "(4) No person otherwise competent as a witness
is disqualified from testifying as such, concerning the of-
fense of gaming, on the ground that such testimony may
criminate himself; but no prosecution can afterwards be
had against him for the offense concerning which he tes-
tified. (5) If the jury find that this defendant, Samuel
Reggel, was before the grand jury on another case, and
while there was examined by a prosecuting officer as to
his gaming, and he answers the same, and that in con-
sequence of his answers thus made the grand jury finds
an indictment against him, then they should return a
verdict of not guilty. The statute does not authorize a
prosecution for the offense of gaming, the particulars of
which were thus disclosed and brought to the knowl-
edge of the grand jury." § 4545, p. 601, 2 Comp.
Laws 1888, provides as follows: "No person otherwise
competent as a witness is disqualified from testifying as
such, concerning the offense of gaming, on the ground
that such testimony may criminate himself, but no pros-
ecution can afterwards be had against him for any offense
concerning which he testified." It appears from the facts
in this case that the defendant was not called as a wit-
ness for the purpose of establishing the charge afterwards
preferred against him, but for the purpose of establish-
ing the complaint he had himself made against Scott,
charging him with robbery. The offense concerning which
he testified was robbery. He was not called upon to tes-
tify about any other offense unless he chose to waive his
privilege and do so. No objection was made by him
against testifying to what he did testify to; indeed, from
all that appears, he was a willing witness, in pursuit of
his chosen object. If he could not give evidence upon a

hearing he had voluntarily instituted against another without disclosing facts and circumstances which would make his own guilt apparent, or, at least, capable of proof, in connection with another offense, it is the misfortune of his condition, and not any want of humanity in the law. He alone had the right to claim his privilege, and decline to answer any question that might tend to criminate him, either in connection with the charge made or any other with which he was connected; the received doctrine being that a witness is entitled to decline answering, not only questions which directly criminate him, but also any question which may apply to facts forming links in the chain of criminating evidence; and, where he has not actually admitted criminating facts, he may stop short at any point, and determine that he will go no further in that direction. He chose to make a voluntary statement connecting himself with the offense of gaming, which was not the offense concerning which he was called to testify, and upon his testimony, together with other evidence afterwards obtained, he was subsequently indicted by the grand jury. The statute referred to is found in chapter 10, entitled, "Gaming," and has reference to the offenses of "gaming" included in that chapter, and was intended to render all persons, not otherwise disqualified, competent witnesses against all others who might be charged with either of the offenses of gaming included in that chapter, The last clause in the section has reference to the commission of some offense enumerated in that chapter concerning which he testified. We find no error in the refusal of the court to charge as requested, nor do we find the court committed any error in allowing Witness Bishop to testify to what occurred before the grand jury. The statute (§ 4921, Comp. Laws 1888) enjoining the rule of secrecy of the proceedings before the grand jury, is intended only for the protection of the jurors and the public. The witnesses cannot invoke it after the hearing

before the grand jury is terminated; nor can witnesses take advantage of this obligation in a criminal proceeding against them; nor, under the facts in this case, is there any reason why the grand jury should not have indicted the defendant on the voluntary admission made under oath before them. These propositions are sustained by authority. *People* v. *Northey,* 77 Cal. 618, 19 Pac. Rep. 865, 20 Pac. Rep. 129; *People* v. *Young,* 31 Cal. 564; *State* v. *Broughton,* 7 Ired. 101; *U. S.,* v. *Kirkwood,* 5 Utah, 123, 13 Pac. Rep. 234; Bish. Crim. Proc. § 1255; *People* v. *Kelly,* 47 Cal. 126; Whart. Crim. Law (9th Ed.) § 664. The judgment and sentence of the third district court are affirmed in all respects, except that the fine of $300 imposed is reduced to the sum of $299, and as thus modified, the judgment and sentence shall stand affirmed and fixed by this court.

ANDERSON, J., and BLACKBURN, J., concurred.