*In re* KENNEY.

CRIMINAL LAW—JUSTICES OF THE PEACE—CRIMINAL JURISDICTION —ASSAULT AND BATTERY—SENTENCE—EXCESSIVE IMPRISONMENT —EFFECT.

Under subdivision 8, section 1, Act No. 189, Pub. Acts 1899, a sentence by a justice of the peace of one convicted before him of assault and battery to imprisonment in the county jail for a period of nine months is not altogether void, but is valid to the extent of the justice's jurisdiction, i. e., three months.

Certiorari to Ionia; Davis, J. Submitted March 5, 1907. (Calendar No. 22,144.) Decided March 26, 1907.

Habeas corpus proceedings by Henry Kenney to obtain

his release from imprisonment in the jail of Ionia county. There was an order denying the writ, and petitioner brings certiorari.   Affirmed.

*Laurence W. Smith*, for petitioner.

*Henry E. Chase*, Deputy Attorney General, and *Dwight C. Sheldon*, Prosecuting Attorney, for respondent.

MOORE, J.   The petitioner, Henry Kenney, was convicted on the 4th day of February, 1907, before a justice of the peace, of the charge of assault and battery, and was sentenced by said justice to the county jail of Ionia county for the period of nine months.   On the 15th day of February, 1907, he made application for a writ of habeas corpus to the circuit court of Ionia county for the purpose of testing the legality of his imprisonment.   After a hearing upon said petition, his application to be discharged from custody was denied, and he was remanded to the custody of the sheriff for a period of 90 days from date of sentence.   It is his theory that, as the magistrate imposed a sentence in excess of what he was authorized to impose, the sentence is void.   It is conceded by counsel for the people that the sentence is excessive.   See sections 1019, 1058, 1 Comp. Laws.   It is contended, however, that the sentence was void for the excess only, and was good for three months, the extent of time to which the justice was authorized in his discretion to sentence him.   This presents the only question in the case.

Subdivision 8 of section 1, Act No. 189 of the Public Acts for the year 1899, reads as follows:

"And all other offenses punishable by fine not exceeding one hundred dollars, or punishable by imprisonment in the county jail not exceeding three months, or punishable by both said fine and imprisonment: *Provided*, That, whenever, in any criminal case, tried before any justice of the peace, the defendant shall be adjudged guilty and punishment by fine or imprisonment shall be imposed in excess of that allowed by law, the judgment

shall not for that reason alone be adjudged altogether void nor be wholly reversed and annulled, but the same shall be valid and effectual to the extent of the lawful penalty, and shall be reversed and annulled only in respect to the unlawful excess."

See the construction put upon section 11984, 3 Comp. Laws, which contains similar provisions relating to cases tried in the circuit court. *Brown* v. *People*, 39 Mich. 57; *People* v. *Parkhurst*, 50 Mich. 389; *People* v. *Town*, 53 Mich. 489; *People* v. *Ellsworth*, 68 Mich. 502; *People* v. *Harrington*, 75 Mich. 112; *People* v. *Cummings*, 88 Mich. 263 (14 L. R. A. 285); *People* v. *Farrell*, 146 Mich. 264. We think it very clear that subdivision 8 of section 1, Act No. 189, Pub. Acts 1899, was enacted to meet just such contingencies as has occurred here; and, as the magistrate was entitled to sentence the petitioner not exceeding three months, the sentence is good for that time.

The judgment of the circuit court is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.