## REESE v. OLSEN, SHERIFF.

No. 2635.   Decided April 4, 1914 (139 Pac. 941).

1. FINES—JUDGMENT.   Comp. Laws 1907, sec. 4914, provides that a judgment that defendant be fined may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment.   Section 4925 provides that, if judgment be for a fine and costs, or either alone, execution may be issued thereon, as on a judgment in a civil action.   Section 4926 provides that, if judgment is for imprisonment or a fine and imprisonment until such fine is paid, defendant must be committed until compliance with the judgment.   *Held* that, if there is a judgment of imprisonment and also a fine, the fine cannot be enforced by imprisonment, so that, where the judgment in a misdemeanor case imposed imprisonment and also a fine, it could not direct further imprisonment to satisfy the fine, if not paid.[1]   (Page 320.)

2. CRIMINAL LAW—JUDGMENT—CONSTRUCTION.   The judgment in a misdemeanor prosecution directed that accused be imprisoned for thirty days, and pay a fine of a certain sum, or, in lieu of said fine, be imprisoned one day for each dollar of said fine, not to exceed six months, and remanded accused for execution of sentence, but suspended the thirty days' imprisonment "during good behavior; that is, so long as the promise made by the defendant is lived up to."   *Held*, that the judgment directed an imprisonment for thirty days, and indefinitely suspended execution thereof during good behavior, and, in addition to such imprisonment, imposed a fine, and also imposed additional imprisonment until the fine was satisfied.   (Page 321.)

_____

[1] Roberts v. Howells, 22 Utah, 389, 62 Pac. 892.

3. CRIMINAL LAW—SENTENCE—STAY OF EXECUTION—DURING GOOD BEHAVIOR. While the court, for many purposes, as on a pending motion for new trial, review of the judgment, etc., has inherent power to suspend execution, it cannot indefinitely suspend execution during good behavior. (Page 322.)

4. CRIMINAL LAW—JUDGMENT—INVALIDITY IN PART. The invalidity in the part of a judgment in a misdemeanor case, which, after imposing a fine and imprisoment, directed a further imprisonment until the fine was satisfied, was severable from the valid part of the judgment imposing imprisonment and a fine, so as to leave the valid part stand.[2] (Page 322.)

5. CRIMINAL LAW—SENTENCE—INVALID IN PART. A sentence which is in part in excess of the power of the court to impose is not wholly void, if the erroneous part is severable. (Page 322.)

Petition for *habeas corpus* by Robert Reese against Joseph R. Olsen as Sheriff of Box Elder County, Utah.

WRIT DENIED.

*W. H. Harcombe* and *J. N. Kimball* for plaintiff.

*R. S. Thatcher* and *W. J. Lowe* for defendant.

STRAUP, J.

The petitioner, on a writ of *habeas corpus,* seeks to be discharged from imprisonment in the county jail of Box Elder County. It is alleged that he is there, by the sheriff of that county, unlawfully imprisoned. The sheriff holds him on a commitment based on a judgment rendered by the district court on March 10, 1914. The judgment is:

"It is the judgment of this court and the sentence of the law that you, Robert Reese, having been convicted of the crime of a misdemeanor, to wit, selling intoxicating liquors, be punished therefor by imprisonment in the county jail at Brigham City, Box Elder County, for a term of thirty days, and that you pay a fine of $299, or, in lieu of said fine, be imprisoned in the said county jail one day for each dollar of

---

[2] People v. Reggel, 8 Utah, 21, 28 Pac. 955; 12 Cyc. 782.

said fine, however, not to exceed the term of six months;. and you are remanded into the custody of the sheriff of this county for the execution of this sentence, provided, further, that the thirty days' imprisonment in the county jail above referred to is suspended during good behavior; that is, so long as the promise made by the defendant is lived up to."

The penalty provided for a conviction of such a misde-- meanor is a "fine of not less than $50 nor more than $299, or by imprisonment in the county jail for not less than thirty days, or more than six months, or by both such fine and imprisonment." (Laws 1911, chap. 106, section 65.) A further statute (Comp. Laws 1907, section 4919) provides: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine." Section 4925: "If the judgment is for a fine and costs, or either alone, execution may be issued thereon as on a judgment in a civil action." Section 4926: "If the judgment is for imprisonment, or a fine and imprisonment until such fine is paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with."

This court, in *Roberts v. Howells,* 22 Utah, 389, 62 Pac. 892, held that section 4919

"was not intended to apply to judgments where both fine and imprisonment were imposed, but that it does apply where there is no express judgment of imprisonment. In other words, if there is a judgment of imprisonment and a judgment of fine, then the fine is not enforceable by imprisonment," and, "where a judgment of imprisonment has been rendered and also a judgment of fine, there can be no imprisonment to satisfy the fine."

A number of decisions under similar statutes from the Supreme Court of California are cited in support of this.

The petitioner therefore asserts that, since the court here rendered a judgment of imprisonment for thirty days and a fine of $299, the court was not authorized to direct additional and further imprisonment to satisfy the fine, if not

paid, and hence that portion of the judgment directing imprisonment until the fine is satisfied is void. He also asserts there can be no imprisonment under the portion of the judgment directing imprisonment for thirty days, for the reason that the execution of that part of the judgment was suspended or stayed, which, he asserts, the court had power to make, at least when not objected to by the petitioner or when assented to by him. Thus, upon these propositions, the petitioner urges that his imprisonment is neither justified nor authorized. He further claims that, if the court had not power to stay execution of the judgment of thirty days' imprisonment, then the void portion of the judgment directing imprisonment until the fine is paid renders the whole of the judgment void. And, lastly, if these be not true, then he asserts the whole judgment is bad because of a fatal patent ambiguity. This because the judgment directs, not the payment of a fine and imprisonment "until the fine is satisfied," but the payment of a fine "or, in lieu of said fine, be imprisoned," etc., thus directing the payment of the fine or imprisonment in the alternative, which, it is argued, is not what the statute in such particular prescribes, and thus such portion of the judgment is rendered uncertain. And, if the court was without power to suspend or stay execution of the portion of the judgment directing imprisonment for thirty days, then is it also claimed that such portion of the judgment is likewise ambiguous, for a judgment which directs an imprisonment for thirty days, "provided, however, that the thirty days' imprisonment, etc., is suspended during good behavior, that is, so long as the promise made by the defendant is lived up to," directs nothing with certainty or definiteness.

The judgment, to say the least, is much involved, and is not free from difficulties. Fairly considered, however, we think it means this: First, it directs an imprisonment for thirty days, and then indefinitely suspends or stays execution "during good behavior;" second, in addition to such imprisonment, it directs the payment of

44 Utah 21

a fine of $299, and a further and additional imprisonment until such fine is satisfied. It with certainty directs that the petitioner be imprisoned for thirty days; but the court undertook to indefinitely suspend or stay the execution of that portion of the judgment. This, the petitioner asserts, the court had inherent power to do. The authorities as to that are hopelessly in conflict. They are collated and referred to in notes to the case of *State v. Abbott,* 33 L. R. A. (N. S.) 112, and *Fuller v. State,* 39 L. R. A. (N. S.) 242.

We think the weight of authority is that the court, for many purposes, as on a pending motion for a new trial, appeal, or other review of the judgment, or other proceedings supplemental to the judgment, and for divers other causes, has inherent power to suspend or stay execution of the judgment, but has not power indefinitely to stay or suspend execution for or during good behavior of the defendant. The portion of the judgment which so directed a stay or suspension during good behavior is therefore of no effect. That, then, leaves the judgment as though it directed thirty days' imprisonment and the payment of a fine of $299 and imprisonment until it is satisfied. That, under the authority of *Roberts v. Howells, supra,* is bad, in so far as it directs an imprisonment to satisfy the fine. That, however, does not, as is asserted by the petitioner, render the whole of the judgment bad.

It is now quite generally held, although there are cases to the contrary, that a sentence which is in excess of the power of the court to impose is not totally void, where the erroneous and excessive sentence is severable into parts. In such case the sentence is held bad as to the excess and good as to that which the court had power to impose. (*People v. Reggel,* 8 Utah, 21, 28 Pac. 955; 12 Cyc. 782; *Re Taylor,* 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, and notes, 58 Am. St. Rep. 843.) The portion of the judgment directing imprisonment for thirty days, which the court had power to direct, is readily severable from the portion directing a further imprisonment until the fine is satisfied, the portion which the court was not authorized to direct.

So, too, the portion directing imprisonment until the fine is satisfied is severable from that directing the payment of the fine. Hence the legal effect of the judgment here rendered is an imprisonment for thirty days and the payment of a fine of $299. That is a good judgment, and one which the court had power to impose. Under it the petitioner can properly be imprisoned for a period of thirty days, but no longer. He has not yet served thirty days; only about twenty. When he has served the full thirty-day period, he is entitled to be discharged, whether the fine is satisfied or not. But he is not entitled to such discharge now. The writ therefore is denied.

McCARTY, C. J., concurs.

FRICK, J.

I concur. I, however, concur in that portion of the opinion which follows the case of *Roberts v. Howells,* for the sole reason that the question there decided has become *stare decisis* in this jurisdiction. If the question were an open one, I could not now assent to the proposition that that case was well or correctly decided, nor that the various sections of our statute there referred to are correctly construed and applied.