# STATE OF NORTH DAKOTA, Respondent, v. GEORGE KINGEN, Appellant.

(226 N. W. 505.)

Opinion filed July 26, 1929.

*Keohane & Kuhfeld,* for appellant.

*W. C. Crawford* and *W. J. Ray,* State's Attorney, for respondent.

BIRDZELL, J. George Kingen was convicted of the crime of petit larceny in the district court of Slope county where the case was tried on a change of venue from Billings county. He appeals from the judgment of conviction. The information charges grand larceny of horses, which are specifically described as two mares and two yearling colts, the property of Charles Wolf. The evidence shows that the ranch of the complaining witness is located about three miles east of the boundary line between Billings and Golden Valley counties and that that of the defendant lies just west of the boundary in Golden Valley county, his house being situated about three quarters of a mile from the boundary line and a little north of the main line of the Northern Pacific Railroad and of U. S. Highway No. 10, while the ranch of the complaining witness lies south of the highway and of the railroad. In the late summer of 1927, Wolf turned the two mares in question with their colts out to range. Their accustomed feeding

grounds and watering places were in the immediate vicinity of the owner's ranch and during the fall and winter they continued to range in that locality. In the spring they were missed and were finally located upon the ranch of the defendant. When found the colts were seen to have been recently branded and when the animals were released from the defendant's inclosure they returned directly to their home ranch.

The appellant challenges the sufficiency of the evidence to sustain the verdict and particularly its sufficiency to establish that the offense, if any, was committed in Billings county. He further urges that the statute under which the penitentiary sentence was imposed, following a verdict of guilty of petit larceny, is unconstitutional and that in any event the defendant was prosecuted under the general larceny statute, § 9913 of the Compiled Laws of 1913, and could not legally be sentenced under chapter 156 of the Session Laws of 1925.

The evidence shows not only that the horses in question were accustomed to ranging within a short distance from their home ranch and that they had been missing from their accustomed range for a considerable period of time but that they were confined within the defendant's inclosure. They were in his possession. Possession not satisfactorily explained is an evidentiary fact from which the crime of larceny may be inferred. State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; State v. Ross, 46 N. D. 167, 179 N. W. 993; State v. Lennick, 47 N. D. 393, 182 N. W. 458. Upon the trial evidence was offered to explain the presence of the horses on the defendant's premises. It was shown that early in March several ranchers were engaged in a roundup for the purpose of taking up their horses that were feeding on the range in the vicinity of the defendant's ranch. They were engaged at this for several days and used the defendant's place as their headquarters. Some of these ranchers gave evidence tending to identify the horses in question as having been brought to the defendant's place by them during the roundup. In view of the fact that the defendant's brand was placed on the colts later than this and of the further fact that the animals were shown to have been disposed to return immediately to their home ranch upon being released from the inclosure, the sufficiency of the explanation of their continued possession by the defendant was clearly a matter for the consideration of the

jury. But, in addition to this, there is evidence that immediately after Wolf found the horses upon the defendant's premises the defendant claimed title through a bill of sale. On the trial he did not deny having made such a claim, but he no longer asserted ownership. As a witness he likewise gave an explanation of the branding which might well have appeared to the jury so unreasonable as to have amounted to an admission.

We are of the opinion that the evidence is clearly sufficient to support the verdict on the main question of the guilt of the defendant. As to the contention that the evidence does not show the crime to have been committed in Billings county, we think it sufficient to say that the evidence gives rise to a very strong probability that the horses in question were taken from Billings county; and the circumstances giving rise to this probability are so strong that we cannot say the jury was not justified in believing from the evidence beyond a reasonable doubt that such was the fact.

Chapter 156 of the Session Laws of 1925 (§ 9918a of the 1925 Supplement to the Compiled Laws of 1913) provides: "When it appears upon the trial on an information or indictment, for either petit larceny or grand larceny, that the larceny alleged consists of the taking of either poultry or other live stock, the offender shall be punished by imprisonment for not less than six months in the county jail and not exceeding five years in the penitentiary." It is said that this statute contravenes § 6 of article 1 of the State Constitution, which forbids the infliction of cruel or unusual punishments. There is no merit in this contention. As said by this court in State v. Jochim, 55 N. D. 313–321, 213 N. W. 485, "The term 'cruel' refers to the form of the punishment and its infliction as barbarous; the term 'unusual' is used in reference to the frequency. It is neither 'cruel' nor 'unusual' to sentence a man to the penitentiary for grand larceny. To come within this prohibition it must be both cruel and unusual." It may be somewhat unusual to sentence one to the penitentiary for what has generally been regarded as petit larceny, but if the legislature sees fit to classify larceny according to the moral depravity or meanness evidenced by its commission rather than according to the value of the property stolen, no reason is apparent why it might not with legal propriety do so. Analogous classifications have been made based upon whether the

larceny was from the person of another (Comp. Laws 1913, § 9916),. or whether committed in a dwelling house or vessel (Comp. Laws 1913, § 9919), or whether in the daytime or nighttime (Comp. Laws 1913, § 9920).

It is said that the defendant was prosecuted under the general larceny statute (Comp. Laws 1913, § 9913) and, consequently, could not be sentenced under § 9918a, supra. The information merely charged grand larceny and in describing the subject of the larceny referred to it as horses. Under this information and the evidence adduced at the trial, there can be no doubt that the property which the defendant was convicted of stealing was "live stock" within § 9918a, supra. This section does not create a separate offense; it only authorizes the imposition of a different sentence where the offense defined in § 9913 is committed in a particular manner.

Counsel for appellant call attention to and rely upon certain Michigan cases arising under a statute authorizing the infliction of a special penalty for horse stealing. It would seem from these cases that there it was requisite to the infliction of the greater penalty that the information should refer to the statute. Boody v. People, 43 Mich. 34, 4 N. W. 549; People v. Town, 53 Mich. 488, 19 N. W. 158; People v. Seller, 58 Mich. 327, 25 N. W. 304. The propriety of the rule, however, was seriously questioned from the beginning. See opinion of Cooley, J., in People v. Jones, 49 Mich. 591, 14 N. W. 573. The rule is technical and serves no good purpose. We decline to adopt it. In the instant case the jury found the defendant guilty of petit larceny of horses. Horses are live stock. Every element necessary to make the statute operative exists, and the sentence was properly imposed.

There being no error in the record, the judgment appealed from must be affirmed. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.