[File No. 6913]

KATHREIN FOSTER, Respondent, v. NATIONAL TEA COMPANY, a Corporation, Appellant

(19 NW2d 760)

Opinion filed September 1, 1945

*John J. Tebelius,* for appellant.

*Aloys Wartner,* for respondent.

BURKE, J.   In this case plaintiff sued the defendant for a balance of rent claimed to be due under all alleged extension of a lease and for damages alleged to have been caused by defendant's destruction and misuse of certain of plaintiff's personal property which was on the leased premises.   Trial of the action, which was had in Wells County, County Court, resulted in a judgment for the plaintiff for the sum of $510.00 for unpaid rent and the sum of $200.00 as damages to personal property or a total judgment of $710.00 and costs which were taxed and allowed in the sum of $18.10.   Defendant has appealed only from that part of the judgment wherein it was adjudged that it was liable for unpaid rent in the sum of $510.00.

In August 1937, plaintiff leased to the defendant, by written lease, certain real property located in Harvey.   The lease was for a two year period ending August 31, 1939, and called for a rental of eighty-five dollars a month payable monthly in advance.   The lease also provided:

"The Lessee at its option shall be entitled to the privilege of three successive extensions of this lease, each such extension to be for a period of one year and to be subject to all the terms and conditions in said lease expressed.   The Lessee specifically agrees that if he elects to exercise any of the options herein contained, it will send to the Lessor, by mail, a written notice of such intent not later than sixty days prior to the beginning date of the option being exercised."

The lessee occupied the premises for the full term of the lease and gave no notice to the lessor of its intention to elect to exercise its option to extend the lease.   Instead, when the term of the lease was about to expire, it commenced negotiations for a new lease at a reduced rental.   It forwarded a proposed lease

to the lessor on September 12, 1939. The letter of transmittal was as follows:

"Sept. 12, 1939

Kathrein Foster
Harvey, No. Dakota

Dear Madam:

Per the request of our real estate negotiator, Mr. Nielson we are enclosing lease forms for the coming year on the store building we rent from you located at Harvey, North Dakota.

We trust that this lease meets with your approval, and that you will sign the two copies enclosed and return to us, we in turn will obtain signature and forward yours back to you.

Yours very truly,
National Tea Co.
By ....................

HC: MSH
Enc."

The proposed lease is not in the record and there is no testimony relative to its terms. For some reason which was not explained the lessor did not accept the proposed lease nor did she notify the lessee of her refusal to accept. On October 10, 1939, the lessee wrote to the lessor as follows:

"Oct. 10, 1939

Kathrein Foster
Harvey, N. Dak.

Dear Madam:

Under date of September 12th we forwarded to you lease forms for the coming year on the store building we occupy at Harvey, North Dakota. Our records would indicate that we have not received these forms back from you to date, and we are desirous of completing our records on your location at this time, we trust that you will execute these forms and return to us at your earliest convenience.

Yours very truly,
NATIONAL TEA CO.
By: ....................

HWC–MJ"

Thereafter negotiations for a new lease were discontinued. During the pendency of negotiations the lessee had paid the September and October 1939 rent at the rate per month provided in the lease which had expired. Thereafter the lessee continued to occupy the premises and continued to pay rent at the same rate per month until the end of August 1940 when it again commenced negotiations for a new lease. Upon this occasion the lessor demanded an increase in the amount of rent. On September 13, 1940, she wired the lessee as follows:

"1940 Sept. 13 PM 2 14

Mr. Nielson—Care National Tea Co.
2837 3 Ave. South Mpls.

Please Reply to My Letter Regarding Lease. I Need My Money But Cannot Cash Check Until We Arrange For New Lease. Please Reply Promptly—

KATHERYN FOSTER."

On September 19, 1940 she wrote to the lessee as follows:

"Harvey, North Dakota,
Sept. 19th. 1940

National Tea Co.,
2837 3rd Ave. South
Minneapolis, Minnesota

Dear Mr. Nielsen:

Your letter dated the 18th inst. regarding renewal lease to the store building that you are occupying from me received.

The term of two years will be satisfactory, the matter of cancellation privilege of sixty days will be all right but it should be mutual, that is I should have the same privilege that you have.

You have been paying me $85.00, per month for rent so far, I feel that in as much as I have been furnishing heat during the time that you should at least pay for the one half of the fuel used during the winter months when heat is necessary, I feel that, that is only fair, I trust you will make it in that manner. I will keep track of the coal that is placed in the basement and used there. We generally figure the heating term to be Oct. 1st.

to May 1st. each year. Kindly let me hear from you by return mail.

> Yours very truly,
> *Kathrein Foster.*
> Kathrein Foster"

This letter was answered by lessee's letter of October 7, 1940, which is as follows:

> "NATIONAL TEA CO.
> Office and Warehouse
> 2837 Third Avenue South
> Telephone Regent 6211
>
> Minneapolis, Minnesota
> October 7, 1940

Mrs. Kathrein Foster
Harvey, North Dakota

Dear Mrs. Foster:

We cannot pay any of the heat cost as we feel that we are paying plenty for the amount of business we are now doing in Harvey.

> Yours very truly,
> National Tea Co.
> By: A. Nielsen
> M. J.

AN–MJ"

It is evident that some of the correspondence is missing and there is no testimony in the record by which we may fill in the gaps. It does appear, however, that nothing further was done by either party to secure an agreement upon a new lease. Nevertheless, the lessee continued to occupy the lessor's premises and continued to pay rent at the rate of $85.00 per month. This rent was accepted by the lessor without any comment or reservation. Upon the last day of February, 1941, lessee vacated the premises upon thirty days' notice previously given to the lessor. This suit is for the monthly rentals for the six months' period commencing March 1, 1941, and ending August 31, 1941.

The question is whether lessee's occupancy of the premises

after September 1940 was under an annual or a month to month lease. If it was an annual lease plaintiff, the lessor, was entitled to recover and the judgment must be affirmed, otherwise it must be reversed.

The plaintiff relies upon § 47–1606, Rev Code 1943, which provides:

"If a lessee of real property remains in possession thereof after the expiration of the hiring and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year."

It is her contention that the holding over by the defendant and the payment and acceptance of rent after the failure of negotiations for a new lease in 1939 and again in 1940 operated to renew the old lease for two periods of one year each.

The presumption that such a holding over renews a lease is a disputable presumption. Section 31–1103, Rev Code 1943 provides:

"All presumptions other than those set forth in § 31–1102 are satisfactory if uncontradicted. They are denominated disputable presumptions and may be contradicted by other evidence."

We think the evidence in this case refutes the presumption. It is clear that when the original lease expired on August 31, 1939, neither party intended to renew that lease. The lessee had not exercised its privilege of renewing by giving the required notice. And for some forty days after the expiration of the lease both parties negotiated for a new lease with each seeking more favorable terms. Again in September and October 1940, substantially the same situation existed. In each year there was an interruption in the continuity of the tenancy sufficient to avoid the presumption that a holding over effects a renewal. During the pendency of the negotiations for a new lease, lessor's consent to the occupation of the premises by the lessee was not an unqualified one and during such time the lessee was no more than a tenant at will. Grant v. White, 42 Mo 285.

There being no extension of the prior lease, what was the nature of defendant's tenancy and what was its term? What may properly be inferred from the parties' agreement to disagree? In each year the lessor continued to accept rent after negotiations for a new lease had been abandoned by both parties. That rent was paid and accepted without any express conditions on the part of either party. The effect of the continued occupation of the premises by the lessee and the payment and acceptance must therefore be inferred from the acts of the parties and other circumstances. There was a new agreement, although a tacit one between the parties. The acts of the principals clearly showed that they agreed that the rent should be eighty-five dollars a month.

Section 47-1605, Rev Code 1943 provides:

"A lease of real property, other than lodgings, in places where there is no usage on the subject, is presumed to be for one year from its commencement, unless otherwise expressed in the lease."

The premises in question were leased for the purpose of carrying on a mercantile business. There is no evidence as to any established usage with respect to the rental of business property in Harvey. The presumption is therefore applicable here. Moreover, the legitimate inferences from the acts of the parties tend to sustain rather than rebut the presumption that the leasings were for periods of one year. After the failure of negotiations for a new lease in September 1939, the lessee waited until September 1940 before again commencing negotiations for a new lease. This fact is more persuasive as to the intentions of the parties than the fact that the rental was paid monthly, for, whatever the term, the rent in all probability would have been paid monthly. There is nothing in the record to indicate that the parties' intentions were any different in 1940 than they were in 1939. We therefore hold that the leasing in 1940 was for a period of one year from September 1st of that year.

Defendant, lessee, was therefore liable for the rent of the

46

leased premises until August 31, 1941, and the judgment accordingly, must be affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.