HOSPITAL SERVICES, INCORPORAT-
ED, a corporation, Plaintiff
and Appellee,

v.

Allen W. KNUTSON, Defendant and
Third-Party Plaintiff,

v.

BLUE CROSS OF NORTH DAKOTA,
Third-Party Defendant,

v.

Damon ANDERSON, Intervener
and Appellant.

Civ. No. 9222.

Supreme Court of North Dakota.

Nov. 5, 1976.

Pearson & Christensen, Grand Forks, for plaintiff and appellee; argued by Douglas A. Christensen, Grand Forks.

Damon Anderson, pro se.

ERICKSTAD, Chief Justice.

In this case, Hospital Services, Incorporated, the plaintiff in an action for collection of a hospital bill, successfully opposed, in district court, an attorney's lien claimed by counsel for Allen W. Knutson, the defendant-third party plaintiff, on drafts given said counsel by Blue Cross of North Dakota, the third party defendant, during settlement negotiations. The issue on appeal is whether the district court erred in quashing the attorney's lien.

Hospital Services, the appellee in this action, commenced a lawsuit on May 3, 1974, for recovery on an account assigned to it by St. Michael's Hospital of Grand Forks, of the sum of $2,332.70 for services and supplies allegedly rendered Marjorie G. Knutson, the wife of the defendant, Allen W. Knutson. Knutson answered the complaint and instituted a third party action against Blue Cross, asking judgment against Blue Cross for "any and all amounts as may be found due and owing by this defendant and third party plaintiff, Allen W. Knutson, to

Hospital Services, Inc., a corporation, as might be determined in the main action herein, together with any interest, costs, or other damages that may be found."

Both parties to this appeal refer to settlement negotiations in May and June of 1975, resulting in a transmittal by Blue Cross to Kessler & Anderson, attorneys for Allen Knutson, of two drafts totaling $2,332.70, payable to Allen W. Knutson, David Kessler, and Hospital Services, Inc. There are no documents on the record which disclose the specifics of the negotiations, with the exception of photocopies of the drafts themselves. Our view of the nature of these negotiations comes from a Stipulation of Facts on Appeal and arguments of counsel, along with a copy of a letter of September 17, 1975, from Timothy Davies, attorney for Blue Cross of North Dakota, to attorney Damon Anderson, which is identified in the judgment roll as an exhibit submitted by Hospital Services.

From these sources, it appears that a condition of settlement imposed by Blue Cross was that Marjorie Knutson sign a release. When she apparently refused to sign the release, Blue Cross authorized the cashing of the drafts without her signature if attorney Anderson would assure Blue Cross that he was unaware of any intent on the part of the Knutsons to commence another lawsuit against Blue Cross arising out of her hospitalization. Anderson refused.

On September 25, 1975, Anderson filed a notice of attorney's lien of $374.20. This notice was amended several times as additional services were rendered, until the total reached $619.20 on February 5, 1976. In the meantime, attorney Anderson submitted, on November 21, 1975, a Motion for Permission to Withdraw, but a hearing on the motion was never held. A similar motion was made along with Anderson's Amended Notice of Attorney's Lien of February 5, 1976.

Hospital Services, on January 22, 1976, made a Motion to Direct Payment and Dismiss Attorney's Lien, asking that the drafts from Blue Cross in the possession of Kessler

& Anderson be endorsed and paid over to Hospital Services and that the attorney's lien of Damon Anderson be dismissed. After a hearing on the motion on February 19, 1976, it was ordered by the Judge of the District Court for Grand Forks County, that the Motion to Direct Payment be denied, but that Anderson's attorney's lien be dismissed and quashed.

Trial of the first party and third party actions was set for April 6, 1976, at which time a Stipulation for Dismissal was entered into in open court. The terms of this stipulation, signed by attorney Anderson for the Knutsons, and apparently for Kessler and Anderson, and Christensen for Hospital Services as it appears in the appendix, are as follows:

"IT IS HEREBY STIPULATED by and between Douglas A. Christensen, attorney for Hospital Services, plaintiff and Damon Anderson of Kessler and Anderson, attorneys for the defendant and third party plaintiff in the above entitled action, that the plaintiff's cause of action shall be dismissed with prejudice by the court pursuant to the following terms and conditions of this stipulation.

"I

"That the defendant and third party plaintiff Allen W. Knutson endorse the Blue Cross of North Dakota checks presently held by the firm of Kessler and Anderson.

"II

"That David Kessler endorse the Blue Cross of North Dakota checks.

"III

"That said checks be delivered to Douglas A. Christensen as attorney for Hospital Services, Inc.

"IV

"That in consideration for the endorsements and delivery of these checks to the plaintiff's attorney, the plaintiff shall dismiss the above entitled action against the defendant and third party plaintiff Allen W. Knutson.

"V

"That the attorney's liens of Damon Anderson dated 25 Sept. 75 in the amount of $374.20; Dec. 10, 1975 in the amount of $475 and Feb. 3, 1976 in the amount of $619.20 which appear to be cumulative for the services rendered by said attorney on behalf of Allen W. Knutson in this matter shall be preserved and an appeal taken from the court's order dated March 3, 1976 dismissing and quashing the same, may be taken by the firm of Kessler and Anderson to determine the validity of said liens.

"Hospital Services further promises to provide a bond in the amount of $619.20 which will assure payment of that sum to said firm in the event the lien is determined to be valid by District Court or the Supreme Court of North Dakota.

"In addition in the event that the endorsement of the Blue Cross checks by David Kessler would result in the defeat of the liens set forth herein, then Hospital Services will pay to Kessler and Anderson the sum of $619.20 which represents their attorney's fees set forth in their liens, so long as the firm of Kessler and Anderson do not argue on appeal that their liens have been defeated by their endorsement of these checks."

This appeal from the Order by Judge Bakken dismissing and quashing Anderson's attorney's lien followed.

The North Dakota attorney's lien statute reads as follows:

"An attorney has a lien for a general balance of compensation in and for each case upon:

"1. Any papers belonging to his client which have come into his hands in the course of his professional employment in the case for which the lien is claimed;

"2. Money in his hands belonging to his client in the case;

"3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or the attorney of such party if the

money is in the possession or under the control of such attorney, which notice shall state the amount claimed and in general terms for what services. After judgment in any court of record, the notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment." § 35–20–08, N.D.C.C.

It has been the contention of Hospital Services that the two drafts in the possession of attorney Anderson were property solely of Hospital Services and not of Allen Knutson. We cannot agree with this contention.

It is true that this court has stated that a Blue Cross contract does not entitle the subscriber to indemnification as such. The following dictum found in a 1965 North Dakota case would seem to support the view of Hospital Services:

"The defendants, Blue Cross and Blue Shield, are not, strictly speaking, insurance companies, and do not, as such, conduct an insurance business in the State of North Dakota. Blue Cross is authorized to do business under Chapter 26–26, N.D. C.C., and Blue Shield under Chapter 26–27, N.D.C.C. Blue Cross provides hospital service by hospitals, with which Blue Cross has a contract, to subscribers under a contract with Blue Cross for such hospital services. Similarly, Blue Shield provides medical services by licensed doctors of medicine, with which Blue Shield has a contract, to subscribers under a contract with Blue Shield for such medical services. Blue Cross and Blue Shield do not promise to indemnify the subscriber against any loss. The agreement of each is to pay the hospitals and doctors for services rendered to subscribers under the terms of the contracts." *Rosenberg v. North Dakota Hospital Service Association*, 136 N.W.2d 128, 130 (N.D.1965). *See* Chapter 26–26, N.D.C.C.

Because of the manner in which the action was handled by the parties in *Rosenberg*, however, this court did not consider that distinction in reaching a decision. That must also be the situation here.

■ When Knutson served the third party complaint on Blue Cross, Hospital Services was specifically authorized to assert a claim against Blue Cross. Rule 14(a), N.D. R.Civ.P. The consequences of not asserting such a claim have been noted by this court:

"As a final challenge to the validity of the court's order granting new trial, the appellant, Johnston's (original defendant and third-party plaintiff), specifies the court erred in granting a new trial to Prince, third-party defendant, alone. It argues that if a new trial is to be granted to Prince, it should also be granted to Johnston's. Various arguments are made but are not applicable here because the appellant has construed the defendant, Johnston's, and the third-party defendant, Prince, as joint defendants in the main action. They are not joint defendants. The original plaintiff took no steps to make the third-party defendant a defendant in the main action, either by amendment of its complaint or by the service of any additional pleadings. It elected to stand on its original complaint against Johnston's alone." *Chicago, M., St. P. & P. RR. Co. v. Johnston's Fuel Liners*, 130 N.W.2d 154, 163 (N.D.1964).

In the instant case, Hospital Services did not make Blue Cross a defendant in the main action. There is also nothing on the record to indicate that the settlement negotiations of May and June of 1975 involved Hospital Services. While the drafts were made payable to "Allen W. Knutson, David Kessler & Hospital Services, Inc. Grand Forks, North Dakota," it is common practice for a party who wants to get out of an action to let the remaining parties fight out the details. The drafts were, in fact, delivered to the attorneys for Allen Knutson, the only party adverse to Blue Cross. It is also interesting to note that the Stipulation for Dismissal of April 8, 1976, was signed by attorneys Damon Anderson and Douglas Christensen. Blue Cross of North Dakota was seemingly not involved at all.

■ All parties involved have treated the action as one controversy between Hospital Services and Allen Knutson and another between Allen Knutson and Blue Cross, with the attorney's lien controversy springing out of both.

The drafts were, therefore, property of Allen Knutson up until the time they were endorsed over to Hospital Services pursuant to the Stipulation for Dismissal, and under the clear language of Section 35–20–08, N.D.C.C., subsections 1 and 2, Damon Anderson had a valid lien over money and papers of Allen Knutson which came into his possession in the course of the case.

■ We do not reach the constitutional argument asserting that Hospital Services was deprived of property without due process of law because, in light of Hospital Services' election to proceed in this case only against Knutson, Hospital Services left to Knutson the responsibility for enforcing his right to have the hospital bill paid. Because of the manner in which Hospital Services proceeded in this case, the drafts were then the property of Knutson, not of Hospital Services. Hospital Services under these circumstances is not in a position to assert what its rights might have been had it proceeded differently.

For the reasons stated herein, that part of the order of the district court which dismisses and quashes the attorney's lien is reversed.

VOGEL, SAND, PAULSON and PEDERSON, JJ., concur.