Filed 6/7/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 115

Working Capital #1, LLC, Plaintiff and Appellee

v.

Quality Auto Body, Inc. and 

Bradley R. Huebner, Defendants and Appellants

and

Any other occupant or person 

in possession of the premises

located at Suite 4, 210 N. 

Washington St., Grand Forks,

ND 58201,   Defendants

No. 20110294

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Sonja Clapp, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Scott J. Landa (argued), P.O. Box 13417, Grand Forks, N.D. 58208-3417, for plaintiff and appellee.

Thomas V. Omdahl (on brief) and Clint D. Morgenstern (argued), 424 DeMers Ave., Grand Forks,  N.D. 58201, for defendants and appellants.

Working Capital #1 v. Quality Auto Body

No. 20110294

Maring, Justice.

[¶1] Quality Auto Body, Inc. and Bradley R. Huebner (“Quality Auto Body”) appeal from the trial court’s August 11, 2011, findings of fact, conclusions of law, and order for judgment awarding immediate possession of the leased premises, a money judgment for past due rent and late fees, and a money judgment for reasonable attorney’s fees, costs, and disbursements to Working Capital #1, LLC.  Although an order for judgment is not appealable, “an attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists.”  
Koehler v. Cnty. of Grand Forks
, 2003 ND 44, ¶ 6 n.1, 658 N.W.2d 741.  We treat this as an appeal from and affirm the trial court’s judgment entered on September 6, 2011, awarding Working Capital immediate possession of the leased premises, a money judgment for past due rent and late fees, and a money judgment for reasonable attorney’s fees, costs, and disbursements.

I

[¶2] In March 2010, Quality Auto Body agreed to lease commercial space from Working Capital from April 1, 2010, to March 31, 2011.  The commercial lease agreement included a provision allowing Quality Auto Body to renew the lease for additional one-year terms up to five times.  Any renewal of the lease required Quality Auto Body not to be in default, to give Working Capital written notice at least thirty days before the current lease term expired, and to provide Working Capital with a security deposit.

[¶3] One and a half months before the lease expired, Quality Auto Body informed Working Capital it planned to exercise its right to renew the lease for another year.  Working Capital responded and expressed its interest in a renewal but indicated Quality Auto Body was currently in default under the lease.  Working Capital demanded Quality Auto Body cure the items of default before renewal occurred and reminded Quality Auto Body a security deposit would be due at the beginning of the second term.  Working Capital further stated, if the items of default were not cured within the fifteen days required by the lease, it would seek to terminate the lease agreement.

[¶4] Without curing all of the items of default, Quality Auto Body made a rent payment on April 1, 2011, and Working Capital accepted this check as a rent payment for April 2011.  On April 5, 2011, a security deposit check arrived but was returned for insufficient funds after Working Capital attempted to deposit it; a valid security deposit was paid on April 15, 2011.  Also on April 15, Working Capital served Quality Auto Body a notice of default and termination of the lease.  The notice explained the lease was terminated based on the conclusion of the original term, Quality Auto Body’s failure to timely pay the security deposit, and Quality Auto Body’s failure to remedy the items of default.  On May 2, 2011, Working Capital received a check in the amount of the May rent.  On May 6, 2011, Working Capital sent a letter to Quality Auto Body explaining it would not accept the May check as a rent payment but would deposit the check with the trial court in conjunction with the anticipated eviction action.

[¶5] In June 2011, Working Capital filed a complaint for eviction claiming Quality Auto Body was a holdover tenant, had unreasonably disturbed other tenants’ peaceful enjoyment of the premises, and had violated material terms of the lease agreement.  Following the hearing, the court entered a judgment awarding Working Capital immediate possession of the premises, damages for past due rent and late fees, and, under a provision in the parties’ commercial lease agreement, reasonable attorney’s fees, costs, and disbursements.  Quality Auto Body objected to the award of reasonable attorney’s fees, costs, and disbursements.  The court subsequently entered an amended judgment on September 27, 2011, rejecting Quality Auto Body’s objections and setting a specific award of attorney’s fees, costs, and disbursements.  Because Quality Auto Body appealed from the trial court’s August 11, 2011, findings of fact, conclusions of law, and order for judgment, we consider this as an appeal from the September 6, 2011, judgment.

II

[¶6] In 2009, the chapter of the North Dakota Century Code pertaining to evictions was recodified at chapter 47-32.  
Nelson v. Johnson
, 2010 ND 23,   11, 778 N.W.2d 773; 
see
 2009 N.D. Sess. Laws ch. 65, §§ 4, 8.  Prior to 2009, chapter 33-06 governed evictions.  
Nelson
, 2010 ND 23, ¶ 11, 778 N.W.2d 773.  As part of recodification, no substantial changes were made to the eviction provisions, and thus, cases dealing with eviction in the context of chapter 33-06 remain relevant.

[¶7] Evictions were designed as summary proceedings.  
Riverwood Commercial Park, LLC v. Standard Oil Co.
, 2005 ND 118,   6, 698 N.W.2d 478.  Under N.D.C.C.   47-32-01(4), an eviction to recover possession of real estate is maintainable when a lessee “holds over after the termination of the lease or expiration of the lessee’s term, or fails to pay rent for three days after the rent is due.”  Working Capital contends it is entitled to an eviction of Quality Auto Body because Quality Auto Body is a holdover tenant under N.D.C.C. § 47-32-01(4).

[¶8] Quality Auto Body argues it was never a holdover tenant and claims the one-

year lease was renewed when it tendered, and Working Capital accepted, the April 2011 rent payment.  Quality Auto Body argues the situation falls under the circumstances described in N.D.C.C. § 47-16-06, which explains when a lease is presumed renewed.  Section 47-16-06, N.D.C.C., provides, “[i]f a lessee of real property remains in possession of the real property after the expiration of the lease and the lessor accepts rent from the lessee, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year.”  Quality Auto Body essentially contends N.D.C.C. § 47-16-06 renews a lease, for up to one year, as a matter of law if a tenant holds over at all and a landlord accepts a rent payment.  However, our Court has held section 47-16-06, N.D.C.C., does not automatically renew a lease for up to one year when a tenant holds over and a landlord accepts a rent payment; rather, the “section only raises a disputable presumption that the lease was renewed on the same terms.”  
Willman v. Harty Co.
, 305 N.W.2d 909, 911 (N.D. 1981) (citing 
Foster v. Nat’l Tea Co.
, 19 N.W.2d 760, 763 (N.D. 1945)).

[¶9] The trial court specifically found that the presumption was rebutted by the evidence and entered specific findings of fact.  A trial court’s findings of fact will not be set aside unless clearly erroneous.  
Nelson
, 2010 ND 23, ¶ 31, 778 N.W.2d 773.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake.”  
Id.

[¶10] Here, the trial court found Quality Auto Body informed Working Capital, in February 2011, it wanted to renew its lease for another term; Working Capital responded and conditioned renewal on Quality Auto Body curing all itemized incidents of default and timely receipt of the required security deposit; and Quality Auto Body failed to timely pay the security deposit, which was a required term for renewal of the lease.  The record shows that paragraph 3 of the lease states, in part, “[u]pon any subsequent renewal of the lease, Landlord, at its option, may require the Tenant to deposit with Landlord a Security Deposit in the amount equal to the sum of one month’s Rent and Additional Rent.”  The record indicates Working Capital sent a letter to Quality Auto Body on February 28, 2011, indicating a security deposit of $4,250 would be required to renew the lease; that the lease expired on March 31, 2011; and that the security deposit was not received and paid until April 15, 2011.  The trial court’s finding is supported by the record.  Further, this finding supports the conclusion the presumption was rebutted and the lease was not renewed on the same terms for the same time.

[¶11] We conclude the trial court’s findings that the presumption under N.D.C.C. § 47-16-06 was rebutted by the evidence and that Quality Auto Body was a holdover tenant entitling Working Capital to an eviction were not clearly erroneous.  We do not, therefore, address other issues of default raised by Quality Auto Body.

III

[¶12] The trial court awarded Working Capital attorney’s fees based on a provision in the parties’ commercial lease agreement.  Quality Auto Body now argues, in an eviction action, N.D.C.C. § 47-32-04 prohibits Working Capital from recovering reasonable attorney’s fees, costs, and disbursements.  Section 47-32-04, N.D.C.C. provides, “[a]n action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant’s possession.”  However, this argument was not made by Quality Auto Body to the trial court at the hearing on the eviction action, in its post-

hearing briefs, or in its objections to attorney’s fees and costs.  The objections Quality Auto Body did make were that the trial court could not award attorney’s fees without finding the claim to be frivolous, that a provision awarding attorney’s fees in an instrument is against public policy and void, and that awarding attorney’s fees is unreasonable.  None of these objections are sufficient to raise the issue Quality Auto Body now asserts on appeal.

[¶13] This Court generally does not consider issues or arguments raised for the first time on appeal:

The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories.  The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.  It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.  Accordingly, issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal.

Paulson v. Paulson
, 2011 ND 159, ¶ 9, 801 N.W.2d 746 (citations omitted).  Because the argument that, in an eviction action, reasonable attorney’s fees, costs, and disbursements cannot be recovered was not raised to the trial court, we will not consider it now for the first time on appeal.

[¶14] We affirm the trial court’s September 6, 2011, judgment awarding Working Capital immediate possession of the leased premises, a money judgment for past due rent and late fees, and, under a provision in the parties’ commercial lease agreement, a money judgment for reasonable attorney’s fees, costs, and disbursements.

[¶15] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.