# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 58

Rosel Hoever f/k/a Rosel Hoever-Wilder,          Plaintiff and Appellee

v.

Thomas Edward Wilder,          Defendant and Appellant

## No. 20230295

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Christene A. Reierson, Minot, ND, for plaintiff and appellee.

Greg W. Hennessy, Williston, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Thomas Wilder appeals from an order partially granting Rosel Hoever's motion for an order to show cause and to enforce the divorce judgment. Wilder argues the district court erred by misconstruing Hoever's releases of lis pendens and real property from lien of order and denied his attorney equal protection under the federal and state constitutions. We affirm, concluding Wilder has failed to adequately brief these issues with adequate citation to the record and legal authority.

I

[¶2]   In 2015, Wilder and Hoever divorced and judgment was entered, distributing the marital estate. After the district court entered multiple orders finding Wilder in contempt for violating the judgment, Hoever once again moved for an order to show cause and to enforce the judgment. Hoever requested all of the sale proceeds of certain real property identified in the divorce judgment be released to her as provided in the judgment and sanctions against Wilder, Wilder's attorney Greg Hennessy, and the attorney in the partition action facilitating the real property sale. The sale proceeds were originally received by Wilder, who in turn paid $57,921.45 to Hoever, $39,921.45 to Attorney Hennessy, and $18,000 to the partition action attorney.

[¶3]   After a hearing, the district court ordered Attorney Hennessy to deposit a check for the amount he received, $39,921.45, with the court, denied Hoever's request for payment as to the partition action attorney, and allowed for further briefing and a hearing if requested. After further briefing and no request for a hearing, the court partially granted Hoever's motion, releasing the $39,921.45 to Hoever. The court found that at no time was Wilder's obligation to pay Hoever $100,000 from the sale proceeds modified and that the $39,921.45 payment to Attorney Hennessy from the sale proceeds was contrary to the judgment. The court concluded, "To the extent [Hoever] executed a Release of Lis Pendens, this Court agrees with [Hoever] that such release was to

effectuate the sale of the subject property and not to modify the Judgment." The court concluded the partition action attorney did not have to return the $18,000 paid to him because he never represented Wilder in the divorce action and the judgment was not docketed against Wilder as a searchable money judgment so as to encumber the property. The court sanctioned Wilder for the wrongful diversion of the $39,921.45, ordering him to pay Hoever $15,000, which was suspended and held in abeyance.

## II

[¶4] Wilder argues the district court misconstrued Hoever's releases of lis pendens and real property from lien of order, and denied Attorney Hennessy equal protection under the federal and state constitutions by failing to treat him as equally as the partition action attorney.

[¶5] Under N.D.R.App.P. 28(b)(7), the appellant's argument must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies" and "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved." "[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518. We "will not consider an argument that is not adequately articulated, supported, and briefed," or "engage in unassisted searches of the record for evidence to support a litigant's position." *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389.

[¶6] Other than citing the Equal Protection Clause of the Fourteenth Amendment and N.D. Const. art. I, §§ 1 and 23, Wilder's appellant brief does not cite any legal authority. Wilder's reply brief cites one statute, N.D.C.C. § 35-20-08(1), which is an attorney's lien statute, and one case, *Hospital Services, Inc. v. Knutson*, 246 N.W.2d 754 (N.D. 1976), with very little discussion as to their relevance to his argument. Therefore, we conclude Wilder's arguments are inadequately supported with citation to relevant legal authorities.

2

[¶7]  With respect to the equal protection argument, Wilder's only citation to the record is to the order being appealed. This is particularly concerning where Hoever argues in her appellee brief that Wilder failed to raise the equal protection argument in the district court. *See Working Cap. No. 1, LLC v. Quality Auto Body, Inc.*, 2012 ND 115, ¶ 13, 817 N.W.2d 346 (concluding that we will not consider an argument raised for the first time on appeal). Addressing this assertion in his reply brief, Wilder states, without citation to the record, the "court record shows at all points before, during and after the 1/10/23 [motion for order to show cause] hearing [he] argued that his divorce lawyer and his partition action lawyer be treated equally by being paid from sale proceeds." Wilder has not cited to the record showing the issue was preserved for review and has not met the minimum requirements of N.D.R.App.P. 28(b)(7). *See also Riemers*, 2006 ND 224, ¶ 9 (noting that a party asserting a constitutional claim "must make a strong case supported by both fact and law or 'forgo the claim'").

[¶8]  Because Wilder has failed to adequately support his arguments with legal authorities and adequately support his equal protection argument with citation to the record, his arguments are without merit.

III

[¶9]  The order partially granting Hoever's motion for an order to show cause and to enforce the divorce judgment is affirmed.

[¶10] Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr