# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 10

State of North Dakota,                                    Plaintiff and Appellee

    v.

Ryan Eldon Greene,                                    Defendant and Appellant

### No. 20240128

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Megan J.K. Essig, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee.

Leah R. Carlson, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Ryan Eldon Greene appeals from a criminal judgment entered after he pled guilty to eleven sexual offenses. On appeal, Greene argues that some of his convictions and sentences are multiplicitous in violation of the Fifth Amendment to the United States Constitution, art. I, § 12 of the North Dakota Constitution, and N.D.C.C. § 29-01-07. He also argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and art. I, § 11 of the North Dakota Constitution. We affirm the criminal judgment.

I

[¶2]   In August 2023, the State charged Greene via Amended Information with eleven sexual offenses:

- Count 1: Luring Minors by Computers or Electronic Means, in violation of N.D.C.C. §§ 12.1-20-05.1(1), (2), & (4);
- Count 2: Incest, in violation of N.D.C.C. §§ 12.1-20-11 and 12.1-32-01(4);
- Counts 3–4: Corruption of a Minor in violation of N.D.C.C. §§ 12.1-20-05(2) and 12.1-32-01(4);
- Counts 5–10: Sexual Assault in violation of N.D.C.C. §§ 12.1-20-07(1)(e) & (2)(a) and 12.1-32-01(4); and
- Count 11: Solicitation of a Minor in violation of N.D.C.C. §§ 12.1-20-05(1) and 12.1-32-01(5).

Each of Counts 1–10 is a class C felony; Count 11 is a class A misdemeanor. The victim of the offenses was Greene's 15-year-old daughter.

[¶3]   The charges are based on events that occurred while Greene's daughter was visiting him during the summer of 2023. Greene's daughter lives in California with her mother but has spent some summers with Greene at his home in Grand Forks, North Dakota. The daughter arrived in North Dakota in June 2023, but her mother contacted the Grand Forks Police Department in July after finding Facebook messages between Greene and his daughter on a device in

1

California that suggested Greene was sexually abusing her. After conducting a forensic examination, the State filed an Information alleging that Greene had committed eleven sexual offenses.

[¶4] Greene pled guilty to all eleven charges on an open plea basis. Greene agreed that the factual basis the State provided was accurate. The district court accepted Greene's plea, concluding that there was a sufficient factual basis to find Greene guilty of all charges. The court sentenced Greene to a total of 50 years' imprisonment: five years for each of Counts 1–10, to run consecutively, with the sentences for Counts 6–10 suspended subject to Greene's successfully completing ten years of supervised probation. The court sentenced Greene to 227 days for Count 11 and gave Greene 227 days' credit for time served.

II

[¶5] Greene argues that some of his convictions and sentences are multiplicitous in violation of the Fifth Amendment to the United States Constitution, art. I, § 12 of the North Dakota Constitution, and N.D.C.C. § 29-01-07.

[¶6] "Generally, a guilty plea waives all non-jurisdictional claims and defenses." *State v. Legare*, 2019 ND 276, ¶ 9, 935 N.W.2d 773. By pleading guilty to all eleven charges on an open plea basis, Greene did not preserve his right to appeal the convictions and corresponding sentences as multiplicitous:

> A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. That is why the defendant must be instructed in open court on the nature of the charge to which the plea is offered, and why the plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.
>
> Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty

2

> to two counts with facial allegations of distinct offenses concede that
> he has committed two separate crimes.

*United States v. Broce*, 488 U.S. 563, 570 (1989) (cleaned up).

[¶7]   Greene was advised in open court on the nature of the charges against him and the maximum potential sentences for each. By voluntarily entering an unconditional guilty plea to all charges, Greene waived the issue of multiplicity.

### III

[¶8]   Greene argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and art. I, § 11 of the North Dakota Constitution because it is grossly disproportionate to both the offenses committed and the sentences received by other offenders convicted of similar crimes in North Dakota.

[¶9]   "District courts have broad discretion in sentencing, and our review of a sentence is generally limited to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor." *State v. Thomas*, 2020 ND 30, ¶ 17, 938 N.W.2d 897. "A trial judge is allowed the widest range of discretion in determining the appropriate criminal sentence. Within this discretion also lies a trial court's authority to decide whether a sentence should run concurrently or consecutively." *State v. Nelson*, 2023 ND 246, ¶ 5, 999 N.W.2d 632 (citations omitted).

[¶10] Greene pled guilty to ten class C felonies and one class A misdemeanor. For a class C felony, the maximum penalty is five years' imprisonment. N.D.C.C. § 12.1-32-01(4). For a class A misdemeanor the maximum penalty is 360 days' imprisonment. N.D.C.C. § 12.1-32-01(5). The district court sentenced Greene to a total of 50 years' imprisonment: five years' imprisonment for each of Counts 1–10, to run consecutively, and 227 days for Count 11. The court gave Greene 227 days' credit for time served and suspended the sentences on Counts 6–10, subject to Greene's successfully completing ten years of supervised probation.

[¶11] Greene does not argue that the district court violated the statutory sentencing limits nor that the district court relied on an impermissible sentencing

3

factor. Greene instead argues that his sentence is grossly disproportionate to the offenses and to other sentences received by similarly situated offenders and that this disproportionality constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and art. 1, § 11 of the North Dakota Constitution.

[¶12] Although the Eighth Amendment's prohibition against cruel and unusual punishments "contains a narrow proportionality principle," "[s]uccessful Eighth Amendment challenges to the proportionality of a sentence in non-capital cases are exceedingly rare, and courts have held sentences were grossly disproportionate only in extreme cases." *State v. Gomez*, 2011 ND 29, ¶ 25, 793 N.W.2d 451 (citing *Graham v. Florida*, 560 U.S. 48, 59–60 (2011)); *see Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."). The United States Supreme Court has only once held that a sentence of imprisonment for an adult offender violated the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277 (1983). In *Solem v. Helm*, Helm was sentenced to life without the possibility of parole under a state recidivist statute; the triggering offense was issuing a no-account check for $100, and although Helm's prior offenses were classified as felonies, "[h]is record involve[d] no instance of violence of any kind." *Id.* at 296–97 n. 22. The Court has otherwise upheld sentences of imprisonment for adult offenders in non-capital cases. *Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding a life sentence with the possibility of parole for offender convicted under state recidivist statute for nonviolent property crimes); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding a mandatory life sentence without parole for a first-time offender convicted of possessing more than 650 grams of cocaine); *Ewing v. California*, 538 U.S. 11 (2003) (upholding sentence of 25 years to life under state recidivist statute for offender convicted of numerous violent and nonviolent offenses where the triggering offense was theft of three golf clubs); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (upholding sentence of 50 years to life under state recidivist statute for offender with no prior violent convictions where the triggering offense was shoplifting).

[¶13] "When a claim of disproportionality is made, the court first compares the gravity of the offense to the harshness of the penalty. *If* the court finds a gross

disproportionality exists, then the court should compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions." *Gomez*, 2011 ND 29, ¶ 26 (citation omitted) (emphasis added).

[¶14] Greene has not established the extraordinarily high burden of this first prong. He pled guilty to eleven sexual offenses against his daughter and received a sentence of 50 years in prison, with 25 years suspended if he successfully completes a 10-year probationary period. This is not an "extraordinary case" like in *Solem v. Helm* where a sentence of life without parole is so grossly disproportionate to a petty property offense that it violates the Eighth Amendment. *Lockyer*, 538 U.S. at 77. Sentences that comport with statutory sentencing limits and sentencing factors are presumptively valid. *Gomez*, 2011 ND 29, ¶ 28 ("Generally, a sentence within the statutory sentencing range is neither excessive nor cruel."). "The fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is properly within the province of legislatures, not courts." *Id.* at ¶ 27 (quoting *Harmelin*, 501 U.S. at 998). The district court acted properly within its discretion by sentencing Greene to five years' imprisonment for each class C felony, running five of those sentences concurrently, and suspending the other five.

[¶15] Because Greene's sentence is not grossly disproportionate to the offenses, we need not assess the second prong and compare his sentence to other sentences for the same crimes in this jurisdiction and other jurisdictions. *Gomez*, 2011 ND 29, ¶ 30. We conclude that Greene's sentence does not violate the Eighth Amendment.

[¶16] Greene also cited North Dakota Const. art. I, § 11 in support of his disproportionate sentence argument. Section 11 prohibits infliction of "cruel or unusual punishments," which is textually distinct from the Eighth Amendment prohibition of "cruel and unusual punishments." Greene did not articulate any argument that section 11 contains a proportionality principle akin to the narrow principle the U.S. Supreme Court has developed under the Eighth Amendment. To the contrary, this Court has never held a sentence of imprisonment within the statutory sentencing limits violates section 11. *See State v. Kingen*, 58 N.D. 327,

226 N.W. 505 (1929) (holding that—because "[t]he term 'cruel' refers to the form of the punishment and its infliction as barbarous" and "the term 'unusual' is used in reference to the frequency"—a sentence of imprisonment for a term of years was neither cruel nor unusual in violation of the North Dakota Constitution); *State v. Jochim*, 55 N.D. 313, 321, 213 N.W. 485 (1927) ("To revive some of the old penalties, such as amputation of the hand that seized the turkey, burning at the stake, boiling in oil, or the placing of the defendant in the stocks or pillory, might be considered "cruel" or "unusual" punishment, but the penalty imposed in this case [(three years in prison)] is the usual and ordinary one.").

IV

[¶17] We affirm the criminal judgment.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr