# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 190

State of North Dakota,                                           Plaintiff and Appellee

    v.

Triston Lee Wallette,                                           Defendant and Appellant

### No. 20250073

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua E. Frey, Assistant State's Attorney, Cando, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Triston Wallette appeals from an order denying in part his motion to correct or reduce his sentence and an amended criminal judgment. We hold the district court did not infringe Wallette's constitutional right to be free from cruel and unusual punishment and did not violate statutory law relating to mandatory minimum sentencing. Wallette waived the remaining issues by not adequately raising or supporting them. We affirm the order and amended judgment.

I

[¶2]   The State charged Wallette with two class C felony counts of burglary; one class B felony count of criminal attempt; one class B felony count of theft of property; five class B felony counts of criminal mischief; and one class A misdemeanor count of criminal mischief. The State alleged Wallette broke into an airport hangar; caused damage in excess of $1 million to the hangar, an airplane, and vehicles; and that he stole an ATV. Wallette entered an open guilty plea to the charges. His presentence investigation report details a criminal history including prior convictions for theft, burglary, criminal mischief/vandalism, resisting arrest, hindering law enforcement, threats of violence, and probation revocations.

[¶3]   The district court sentenced Wallette to consecutive sentences on each count amounting to imprisonment for 51 years, probation for 3 years, and restitution of $306,400. The restitution corresponds to the amount of damages not covered by the victims' insurers. Within the time for taking a direct appeal, Wallette filed a motion under North Dakota Rule of Criminal Procedure 35 arguing his sentence is illegal and also seeking leniency. The court granted his motion in part. The court found that his sentence was not illegal, but it would "grant partial leniency" reducing his sentences to "approximately 30 years, aligning with the nearly 30 years it took the victim to build his family agricultural spraying business before it was ruined by the defendant's actions." The court entered an amended judgment reducing the consecutively imposed terms of

imprisonment to a total of 30 years. Wallette appeals from the order and amended judgment.

II

[¶4] North Dakota Rule of Criminal Procedure 35 authorizes the district court to reduce a sentence and to correct an illegal sentence. An order on a motion seeking reduction of a sentence under N.D.R.Crim.P. 35(b) is not appealable because it is a matter of leniency not affecting a substantial right. *Rahn v. State*, 2007 ND 121, ¶ 8, 736 N.W.2d 488. "[A]n order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) involves a substantial right and is appealable." *Id.* ¶ 9. "A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction." *State v. Glasser*, 2021 ND 60, ¶ 7, 956 N.W.2d 373.

> Examples of illegal sentences include: a sentence in excess of a statutory provision or in some other way contrary to an applicable statute, a sentence which fails to conform to the oral pronouncement of the sentence, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. In addition, a sentence is illegal if it does not comply with a promise of a plea bargain or when the sentencing court lacks jurisdiction to impose it.

*Id.* (quoting *State v. Hutchinson*, 2017 ND 160, ¶ 9, 897 N.W.2d 321); *see also State v. Booth*, 2015 ND 59, ¶ 4, 861 N.W.2d 160 (stating "a sentence is illegal if it is in excess of a statutory provision or in some other way contrary to an applicable statute").

[¶5] We have not decided whether, for purposes of Rule 35, an "illegal sentence" encompasses claims alleging a violation of the constitutional right to be free from cruel and unusual punishment. Other jurisdictions have reached different results under their respective rules. *Compare Montgomery v. Louisiana*, 577 U.S. 190, 196 (2016) (explaining, under Louisiana law, "it appears that prisoners must raise Eighth Amendment sentencing challenges on direct review"); *State v. Warrior*, 368 P.3d 1111, 1112 (Kan. 2016) (stating Kansas's version of Rule 35(a) "does not cover a claim that a sentence violates a constitutional provision"); *Kramer v. State*, 326 So.3d 1202, 1203 (Fla. Dist. Ct.

2

App. 2021) (stating a "motion to correct an illegal sentence is not the proper vehicle for challenging a sentence on the basis that it violates the constitutional prohibition against cruel and unusual punishment" (quoting *Lykins v. State*, 894 So.2d 302, 303 (Fla. Dist. Ct. App. 2005)) *with State v. Mullins*, 2025 UT 2, ¶¶ 1-2, --- P.3d --- (Utah 2025) (addressing cruel and unusual punishment claim brought under Utah's version of Rule 35); *Commonwealth v. Brown*, 71 A.3d 1009, 1015-16 (Pa. Super. Ct. 2013) (stating "a claim that a sentence violates an individual's right to be free from cruel and unusual punishment is a challenge to the legality of the sentence, rendering the claim unwaivable").

[¶6]   Although Wallette sought relief under Rule 35 from a purportedly cruel and unusual punishment, he filed his motion within the deadline for an appeal, resulting in an amended judgment, and he has now timely appealed. This is not a case where the Rules of Criminal Procedure are being used to circumvent the Uniform Postconviction Procedure Act, which specifically authorizes claims asserting a sentence is unconstitutional but also imposes a two-year filing deadline. *See* N.D.C.C. § 29-32.1-01(1)(a) and (2); *see also* N.D.R.Crim.P. 35(a) (stating illegal sentences shall be corrected "at any time"); *State v. Eagleman*, 2024 ND 231, ¶ 6, 14 N.W.3d 91 (explaining Rule 35 may not be used to circumvent postconviction procedural requirements). Because Wallette filed a timely direct appeal, we will address his cruel and unusual punishment claim, but we reserve deciding whether such claims may be brought under Rule 35 after the time for appeal has expired.

III

[¶7]   Wallette argues his sentence is a cruel and unusual punishment; does not comply with statutory law relating to mandatory minimum sentences; was issued in contravention of the North Dakota Judicial Code of Conduct; and violates his rights under the Equal Protection Clause.

[¶8]   The standard of review is mixed. District courts have the "widest range of discretion" when sentencing a criminal defendant. *State v. Blue*, 2018 ND 171, ¶ 28, 915 N.W.2d 122.

We have repeatedly held we have no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Rather, our review of a criminal sentence is generally confined to whether the trial court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor. Thus, we will vacate a trial court's sentencing decision only if the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.

*State v. Rinde*, 2024 ND 33, ¶ 6, 3 N.W.3d 165 (quoting *State v. Gonzalez*, 2024 ND 4, ¶ 6, 1 N.W.3d 919). "This Court reviews alleged violations of constitutional rights, including the prohibition against cruel and unusual punishment, de novo." *Blue*, ¶ 27. "Generally, a sentence within the statutory sentencing range is neither excessive nor cruel." *Id.* The interpretation of statutes related to sentencing is a question of law fully reviewable on appeal. *State v. Murphy*, 2014 ND 202, ¶ 25, 855 N.W.2d 647.

A

[¶9]   Wallette argues the district court imposed an unconstitutional cruel and unusual punishment when it sentenced him. He asserts the harshness of the sentence is disproportionate to his criminal conduct.

[¶10] The Eighth Amendment to the United States Constitution and Article I, § 11 of the North Dakota Constitution respectively prohibit infliction of "cruel and unusual punishments" and "cruel or unusual punishments." "A punishment in a non-capital case that is grossly disproportionate to the offense is cruel and unusual." *Blue*, 2018 ND 171, ¶ 27 (quoting *State v. Gomez*, 2011 ND 29, ¶ 25, 793 N.W.2d 451). The disproportionality principle is "narrow." *Graham v. Florida*, 560 U.S. 48, 59 (2010). It forbids only "extreme" sentences. *Blue*, ¶ 27 (quoting *Gomez*, ¶ 25). The United States Supreme Court has only once declared a sentence of imprisonment for an adult offender unconstitutional under the Eighth Amendment. *State v. Greene*, 2025 ND 10, ¶ 12, 16 N.W.3d 188. This Court has never held a sentence within the statutory sentencing limits to be a violation of N.D. Const. Art. I, § 11. *Id.* ¶ 16.

4

[¶11] A two-part test applies to claims of disproportionality. Courts first compare the gravity of the offense to the harshness of the sentence. *Greene*, 2025 ND 10, ¶ 13. "To evaluate the gravity of the offense, we consider the actual or threatened harm to the victim and society and the defendant's culpability and degree of involvement." *Gomez*, 2011 ND 29, ¶ 26. The burden of proving disproportionate harshness is "extraordinarily high." *Greene*, ¶ 14. "*If* the court finds a gross disproportionality exists, then the court should compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions." *Id.* ¶ 13 (quoting *Gomez*, ¶ 26).

[¶12] Wallette argues his 30-year sentence is disproportionately harsh given his offenses were property crimes that did not physically injure anyone. Although no one was present when Wallette broke into the airport hangar, he caused damage in excess of $1 million. The North Dakota Legislature has expressly authorized district courts to consider the harm criminal offenders cause to property when imposing sentences. *See* N.D.C.C. § 12.1-32-04. The Legislature also graded property crimes higher, permitting harsher punishment, when losses are greater. *See, e.g.,* N.D.C.C. § 12.1-21-05 (providing higher penalties for criminal mischief based on the amount of pecuniary loss). These statutes are consistent with the United States Supreme Court's admonitions that the "absolute magnitude of the crime may be relevant," and "[s]tealing a million dollars is viewed as more serious than stealing a hundred dollars[.]" *Solem v. Helm*, 463 U.S. 277, 293 (1983). The extensive damage Wallette caused justifies a harsh sentence.

[¶13] Wallette also argues he received a disproportionately harsh sentence "simply because his victims were underinsured and the court found he would never be able to pay restitution." Although inability to pay restitution is a permissible factor for the district court to consider, *see* N.D.C.C. § 12.1-32-04(6), Wallette's insolvency was not the sole basis for the court's decision. The court weighed heavily Wallette's criminal history and the likelihood he would reoffend. The court explained the sentence was intended to deter future harm to the community, noting it "is concerned that, should he be released, the likelihood of him committing another senseless crime is strikingly high." The court

acknowledged "this is a very harsh sentence," but explained "I am sentencing you to this [] because every day, every minute, every hour, every year that you are in prison prevents you from doing something similar to the victims." A harsh sentence is justified by Wallette's criminal past and propensity for crime. Wallette has not met the high burden of establishing the harshness of his sentence is disproportionate to his criminal conduct.

B

[¶14]  Wallette argues the consecutive nature of his sentences, coupled with the North Dakota Parole Board practices, amounts to a mandatory minimum sentence violating the intent of our statutory sentencing scheme.

[¶15] "The fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is properly within the province of legislatures, not courts." *Greene*, 2025 ND 10, ¶ 14 (quoting *Gomez*, 2011 ND 29, ¶ 27). The Legislature's classification of offenses and corresponding maximum penalties is provided by N.D.C.C. § 12.1-32-01. The maximum terms of imprisonment relevant to this appeal are: 10 years for a class B felony; 5 years for a class C felony; and 360 days for a class A misdemeanor. The district court is generally prohibited from issuing consecutive sentences of imprisonment amounting to more than one year of incarceration for misdemeanor offenses. *See* N.D.C.C. § 12.1-32-11(3). There is no similar prohibition on consecutive sentences for felony offenses. *See State v. Larsen*, 2023 ND 144, ¶ 20, 994 N.W.2d 194 ("A district court has the authority to determine whether a felony sentence runs concurrent with or consecutive to another felony sentence." (quoting *State v. Huffling*, 2009 ND 3, ¶ 3, 763 N.W.2d 799)).

[¶16] Wallette pleaded guilty to ten crimes, including seven class B felonies, two class C felonies, and one class A misdemeanor. None of these offenses require a mandatory minimum term of imprisonment, *see* N.D.C.C. § 12.-32-02.1, and each count of the criminal judgment states Wallette "is entitled to sentence reduction as authorized by state law." Wallette nonetheless argues his sentence constitutes a "practical" mandatory minimum in violation of the "intent" of the law given the "administrative reality" of parole procedures. He asserts the Parole Board

6

"meets monthly and considers each sentence individually for consecutive sentences."

[¶17] We have no power to "ignore the plain language of [a] statute under the pretext of pursuing some unexpressed legislative intent," or to "add words or phrases which the legislature did not include." *Larsen v. N.D. Dep't Transp.*, 2005 ND 51, ¶ 11, 693 N.W.2d 39; *see also* N.D.C.C. § 1-02-05 (stating "the letter of [a statute] is not to be disregarded under the pretext of pursuing its spirit"). We read the plain language of the statute presuming "the legislature said all that it intended to say." *Larsen*, ¶ 11. "Generally, unless there is a statute to the contrary, it is within the trial court's sound discretion whether a sentence should run concurrently with or consecutively to another sentence." *Gonzalez*, 2024 ND 4, ¶ 10 (quoting *State v. Ulmer*, 1999 ND 245, ¶ 4, 603 N.W.2d 865).

[¶18] Wallette has not identified a specific statutory requirement the district court failed to comply with or a statutory prohibition it violated. He does not dispute that each of his consecutively imposed sentences are within the maximum terms of imprisonment authorized by law. Moreover, even assuming the court could somehow defy the intent of the law without violating it, Wallette has failed to provide authority demonstrating he will be ineligible for release on parole until some minimum amount of time has passed. His argument rests on the proposition that the Parole Board cannot simultaneously grant parole on consecutively imposed sentences. However, Wallette has not identified any law, regulation, or procedure restricting the Parole Board in this manner. Wallette has not demonstrated his sentence is illegal.

C

[¶19] Wallette raises two additional issues the district court did not address. Wallette first argues the court violated the Judicial Code of Conduct because the court made a comment indicating it considered information outside the record, acquired from friends that are pilots, concerning the resale value of airplanes. Although we will review a claim that a sentence is illegal even when it was not raised below, a "significant distinction" exists "between claims of error regarding a sentence imposed in a procedurally or factually flawed manner,

7

which can be waived, from an unauthorized sentence that could not lawfully be imposed under any circumstance in the particular case." *State v. Roller*, 2024 ND 180, ¶ 21, 11 N.W.3d 864 (cleaned up). Wallette's argument about the court's conduct relates to the manner in which his sentence was imposed and is therefore subject to our normal rule "that issues not adequately raised in the district court will not be addressed on appeal." *Mead v. Hatzenbeller*, 2023 ND 248, ¶ 21, 999 N.W.2d 618. Here, although Wallette noted the comment about airplane values in the background section of his Rule 35 motion, he did not argue it was a basis for invalidating his sentence or even cite the Judicial Code of Conduct. Because his argument was not adequately raised, we will not address it.

[¶20] Wallette also argues his sentence violates "equal protection principles" and, when compared to other sentences, the district court's sentencing decision cannot survive "rational basis review." Rational basis review under the equal protection clause is a test for deciding whether a legislative classification violates the constitution. *Condon v. St. Alexius Med. Ctr.*, 2019 ND 113, ¶ 10, 926 N.W.2d 136. Wallette does not cite a case where rational basis review has been applied to a court's sentencing decision, and he provides no theory or reasoning for extending the doctrine to this context. "[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Hoever v. Wilder*, 2024 ND 58, ¶ 5, 5 N.W.3d 544 (quoting *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518). We will not address Wallette's unsupported argument concerning rational basis review under the equal protection clause.

IV

[¶21] The district court did not infringe Wallette's constitutional right to be free from cruel and unusual punishment and did not violate statutory law relating to mandatory minimum sentences. Wallette waived the remaining issues by not adequately raising or supporting them. The order denying in part his N.D.R.Crim.P. 35 motion and the amended criminal judgment are affirmed.

[¶22] Jon J. Jensen, C.J.
    Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr